## N. Y. PHARMICAL ASS'N v. TILDEN and others.

*(Circuit Court, S. D. New York. December 3, 1882.)*

1. PATENTS FOR INVENTIONS—FAILURE TO MARK ARTICLES AS PATENTED.

Section 4960, Rev. St., declares that when any patented article is not so stamped, "in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued after such notice to make, use, or vend the article so patented."

2. SAME—OWNERSHIP—SUFFICIENT NOTICE OF.

A verbal notice by one owning a patent medical compound, to one infringing thereupon, that the compound is patented, and at the same time exhibiting a copy of the letters patent, was *held* to be sufficient notice under the statute requiring patentees to give "sufficient notice to the public, together with the day and year the patent was granted."

3. SAME—ASSIGNMENT OF PATENTS—PROOF OF.

Under the statute of New York an assignment of a patent, duly acknowledged before a notary public, is sufficiently proved, and it is not incumbent upon the complainant, in an action for infringement, to prove the signature of the assignor.

*James A. Whitney,* for complainant.

*Francis Forbes,* for defendant.

WALLACE, C. J. Assuming, as must be done upon the proofs, that the complainant is entitled to the most liberal construction of the claim of its patent consistent with the language of the specifications, the claim is to be construed as one for a medical compound composed of the several ingredients combined in such proportions as to effectually co-operate in producing the desired effect. Upon this construction, reading the formula of the defendant's compound with the assistance of their trade circular, which sets forth the properties of their ingredients and the virtues of their preparation, it sufficiently appears that there is a substantial identity between their compound and that described in the complainant's patent to establish infringement. The ingredients are the same, they are combined to produce the same result upon the same principle, and, although the proportions vary, the variation is slight.

The complainant did not mark its preparation as patented, and the defendants insist upon this fact in their answer as a defense. It appears, however, that complainant gave verbal notice to the defendants in January, 1880, that its compound was patented, and exhibited to them a copy of the letters patent, and notified defendants that their compound was an infringement. The statute (section 4900, Rev. St.) declares that, when the patented article is not thus stamped, "in any

suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff except on proof that the defendant was duly notified of the infringement and continued after such notice to make, use, or vend the article so patented." It was held in *Goodyear* v. *Allyn*, 6 Blatchf. 33, that this statute only takes away the right of a plaintiff to recover damages, and does not affect the right to an injunction. It was also intimated in that case as doubtful whether the statute applied at all to actions in equity, as no damages were then recoverable except in suits at law. The provision was re-enacted, however, and embodied in the revision and amendment of the statutes relating to patents of July 8, 1870. By that legislation, also, power was conferred upon the court in suits in equity to decree for damages as well as profits. The provision is therefore to be read as a part of the comprehensive legislation designed to cover the whole subject of the rights and remedies of inventors, and as applicable to all suits in which damages are recoverable.

The question whether the notice contemplated by the statute is a written notice, or whether a verbal notice is sufficient, seems to be a new one. Although there is not entire concurrence in the authorities, the rule may be deemed sanctioned by the adjudications that when a statute requires a notice to be given a written notice is meant; and without doubt this is the rule where the notice required is one to be given in the course of a legal proceeding. The statute here requires proof that the defendant "was duly notified * * * and continued after such notice to make, use, or vend the patented article" and therein differs from the statutes which have been the subject of judicial construction. Thus, in *Gilbert* v. *Columbia Turnpike Co.* 3 Johns. Cas. 107, the statute directed the notice "to be left" at the dwelling-house of the party.

In *Jenkins* v. *Wild*, 14 Wend. 539, a distinction was taken between a statute which required an appeal to be brought within 15 days "after notice" of an order, and a cognate statute which required "notice to be given," the last being held to mean a written notice. Not only does this statute not require in terms "notice to be given," but it also does not relate to a notice in the course of a legal proceeding. It is designed to protect innocent parties who are infringing without knowledge of the fact, and in this behalf to restrict the remedy of patentees who have failed to give that publicity to their exclusive title which the policy of the statute requires. Patentees are, therefore, required to give "sufficient notice to the public" that the article is patented, * * * "together with the day and year the patent was

granted," by stamping or labeling the article.     It is a fair interpretation to hold that when any equivalent notice has been given, the defendant has been "duly notified."     As the sufficient notice prescribed includes a specification of the time when the patent was granted, it is reasonable to conclude that any notice, verbal or written, that includes this information will suffice.

Under the statute of this state, the assignments of the patent, duly acknowledged before a notary, were sufficiently proved, and it was not incumbent upon the complainant to prove the signatures of the assignors.     *Houghton* v. *Jones*, 1 Wall. 702.

There will be a decree for the complainant for an injunction, and accounting for profits and for damages; the damages to be restricted to those accruing after February 1, 1880.