## CAMPBELL v. H. T. CONDE IMPLEMENT CO.

(Circuit Court, D. Indiana. March 2, 1896.)

### No. 9,031.

1. PATENTS—COMBINATIONS—PRESUMPTIONS.
   Failure to claim separately any of the elements composing a patented combination raises a presumption that none of them are novel. Richards v. Elevator Co., 16 Sup Ct. 53, 159 U. S. 477, followed.

2. SAME—CORN PLANTERS.
   The Campbell patent, No. 324,983, for a combined corn planter and fertilizer distributor, consisting of a hopper having the rear portion inwardly curved in circular form, and extending across both dropping disks (a cell-disk through which the corn passes, and a cell-disk through which the fertilizer passes), geared together, for simultaneously dropping the corn and fertilizer, is void, as being simply for a new collocation or juxtaposition of old elements producing no new function, operation, or result.

This was a bill in equity by James Campbell against the H. T. Conde Implement Company for alleged infringement of a patent.

George B. Parkinson, for complainant.

J. H. Raymond, for defendant.

BAKER, District Judge. This is a suit for the alleged infringement of claims 2 and 5 of letters patent No. 324,983, issued August 25, 1885, to James Campbell, the complainant, for a "combined corn planter and fertilizer distributor." The object of the alleged invention is to produce a pilot-wheel corn planter with a fertilizing attachment so constructed and arranged that the fertilizing material can be dropped with the corn, and so that the operator can see the dropping operation upon the rear side of the hopper. This object is accomplished by a device consisting of a machine to be drawn through a cornfield having a cell-disk, K, for corn; a cell-disk, L, for fertilizing material, the two being geared so as to co-operate; a hopper for the whole, to carry the corn and fertilizer separately, which hopper is cut away or curved so as to show both of the cell plates or disks; and a flange, n, to prevent the corn from spilling.

The claims alleged to have been infringed are the following:

"(2) In a combined corn planter and fertilizer distributor, the combination of the corn-dropping disk, K, and the fertilizer dropper disk, L, geared together to drop the fertilizer at or near the same point as the corn, with the hopper, C, having the rear portion, N, inwardly curved in circular form, and extending over the two disks, and the bottom plate, c, having the upwardly turned flange, n, substantially as described." "(5) In a combined corn planter and fertilizer distributor, the combination of the two dropping plates, K and L, geared together for simultaneously dropping the corn and fertilizer, with the hopper having the rear portion inwardly curved in a circular form, and extending across both dropping disks, substantially as described."

These two claims differ in no respect except that the fifth is broader than the second in the omission of the flange, n, for preventing the spilling of the corn. It seems too plain for doubt that the addition of the flange to the combination of claim 5 does not of itself lend patentability to the subject-matter of claim 2; and it necessarily follows that, if claim 5 is invalid for any reason, claim 2 cannot be supported. Omitting the flange found in claim 2, we find that the essential elements of the combination embodied in each claim are the following: A hopper of any suitable material, having the rear portion inwardly curved in circular form, and extending across both dropping disks; a cell-disk, through which the corn passes, and a cell-disk through which the fertilizer passes, both geared together for simultaneously dropping the corn and fertilizer. Every element of this combination is old. The gearing device for simultaneously dropping the corn and fertilizer is also old and well known. Indeed, the failure to claim either one of the elements separately raises a presumption that no one of them is novel. Richards v. Elevator Co., 159 U. S. 477, 16 Sup. Ct. 53.

In view of the prior state of the art as shown by the proofs, the court sees nothing novel in the combination of these old elements disclosed in the claims in question. These claims are simply for a new collocation or juxtaposition of old and well-known elements found in similar devices in common use. This new collocation or juxtaposition of old elements produces no new function, operation, or result. The only thing done is to bring together these three old and well-known elements in the construction of a corn planter and fertilizer distributor. The elements used produce no new result or effect, because used in combination. Each element produces its appropriate effect, unchanged by the others. Merely bringing old devices or elements into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, is not invention. There is nothing disclosed in the prior relation of the parties which will estop the defendant to question the validity of the complainant's patent. The bill is dismissed at complainant's costs for want of equity.