JENKINS, Circuit Judge
(after stating the facts as above). It may be difficult to accurately define the distinction between invention and mechanical skill. Possibly no better definition can be presented than that stated by Justice Matthews in Hollister v. Manufacturing Co., 113 U. S. 59, 72, 73, 5 Sup. Ct. 717, 724. “Invention,” he says, “is that intuitive faculty of the mind put forth in the search for new results or new methods, creating what had not before existed, or bringing to light what had been hidden from vision.” This is in contradistinction to “the suggestion of that common experience which arose spontaneously and by a necessity of human reasoning in the minds of those who had become acquainted with the circumstances with which they had to deal.” And mechanical skill, he says, is that which “involves only the expression of the ordinary faculties of reasoning upon the material supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice.” Within the provisions of the constitution touching the issuance of patents, the beneficiary must be' an inventor, and he must have made a discovery. It is, therefore, “not enough that a thing shall be new, in the sense that in the shape or form in which it is produced it shall not have been known before, and that it shall be useful, but it must, under the constitution, amount to an invention or a discovery.” Thompson v. Boisselier, 114 U. S. 1, 5 Sup. Ct. 1042, and authorities cited; Hill v. Wooster, 132 U. S. 693, 700, 10 Sup. Ct. 228; Burt v. Evory, 133 U. S. 349, 359, 10 Sup. Ct. 394. Within these decisions, can the subject-matter of this patent be deemed an invention, or a product of mechanical skill? It appears from the specification of the patent that previously there had been in use attached to a cycle a carrier of laced metal or basket-work like a flat, rectangular screen, attached to the tip of the frame. The carrier of the patent is of the shape corresponding to the space between the arch, strut, and tie of the machine. It was not novel to make the flaps of the carrier fold in opposite directions. That is shown in the medicine case presented by the defendant, and was old. What, then, did the patentees accomplish? They adopted the idea of a valise or hand bag, and conformed its shape to the space between the arch, strut, and tie of the cycle. The specification itself declares that when removed from the machine it can be carried as an ordinary hand bag. This is, therefore, a mere change in the shape of a hand bag. To be sure, it overcomes the objections to that which was formerly in use. It is more convenient, and by means of straps and buckle fasteners it will not sway from side to side when the cycle is in motion. There is, however, nothing novel in such fastening to prevent motion, and we are unable to perceive anything in this alleged invention except th'e adaptation in shape and size of an ordinary hand bag to the space between the arch, strut, and tie of the machine. It is a mere change of form and size, and that is not invention. Smith v. Nichols, 21 Wall. 112, 119, and cases supra. It even does not exhibit a high degree of mechanical skill.
*543 A certain presumption in favor of the validity of the patent arises from the action of the patent office in granting the patent. In the consideration of the case we have allowed to this presumption its due weight, and we have assumed it to be true that no such article of such shape or size, or for the purpose designed, was before known, and that it is of superior utility. The presumption referred to is sometimes defined to mean that the patent itself is prima facie evidence of novelty and of invention, but that presumption is probably a mere rule of evidence, which casts the burden of proof upon the alleged infringer. This presumption cannot usurp the province of the court to declare what constitutes novelty. The court should give due consideration to the action of the patent office, but should not permit that action to control its deliberate judgment when it is manifest that there is no invention. Hollister v. Manufacturing Co., 113 U. S. 59-71, 5 Sup. Ct. 717. If we entertained doubt touching the question of invention here, the presumption arising from the issuance of the patent would perhaps avail to resolve the doubt in favor of the patent. Entertaining no such doubt, we cannot yield our judgment to a presumption which arises merely from the patent itself, and casts the burden of proof upon the infringing party. The decree will be affirmed.