## JOHNSON AUTOMOBILE LOCK CO. v. NOSER INSTANT AUTO LOCK CO.

(Circuit Court of Appeals, Eighth Circuit. November 19, 1925.)

No. 7009.

1. Patents ⬳26(1), 41—That elements of combination claims old held not conclusive against novelty or invention.

The elements of combination claims are presumed old, or not patentable, but fact that all elements are old is not conclusive against patentable novelty, nor does it preclude possibility of invention.

2. Patents ⬳112(3)—Issuance of patent raises presumption that it is valid.

The issuance of a patent raises a presumption that it is valid, and that the device possesses utility and embodies invention.

3. Patents ⬳328—1,313,412, claims 9 and 10, for improvement in locks for automobile shift levers, held valid, not anticipated, but not infringed.

Noser patent, No. 1,313,412, claims 9 and 10, for an improvement in locks for shift levers of automobiles, held valid, not anticipated, but not infringed.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Patent infringement suit by the Noser Instant Auto Lock Company against the Johnson Automobile Lock Company for an injunction and an accounting in damages. Decree for plaintiff, and defendant appeals. Modified.

Charles W. Hills, of Chicago, Ill. (John F. Green, of St. Louis, Mo., and Carlton Hill, of Chicago, Ill., on the brief), for appellant.

Lawrence C. Kingsland, of St. Louis, Mo. (John D. Rippey, of St. Louis, Mo., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

BOOTH, Circuit Judge. This is a patent suit in the usual form, brought by appellee (hereafter called plaintiff) against appellant (hereafter called defendant), seeking an injunction and an accounting in damages. The patent involved is United States letters patent No. 1,313,412, issued August 19, 1919, to Emil V. Noser, for an improvement in locks for shift levers of automobiles. Plaintiff acquired ownership of the patent through mesne assignments from the patentee. The defenses set up are invalidity of the patent by reason of anticipation, or by reason of lack of novelty in view of the prior art, and noninfringement.

Plaintiff describes the art field in which his assignor's invention was made, and the general object of the invention, as follows:

"In the usual automobile construction, there are shiftable shafts, which are a part of the variable speed gear mechanism. These shafts are arranged to be alternately engaged by a part of a gear shift lever. The lever has a pivot connection with a support; the pivot connection usually being in the form of a ball and socket, the ball being formed on the lever, and the socket being formed as a part of the frame of the machine. This shift lever projects upwardly, in order that it may be readily operated by the driver of the vehicle to change gears in the manner familiar to all operators of motor vehicles. These parts are common in automobile construction and have been a part of the usual design for many years. At this stage the need and requirement arose for a variable speed gear shift lever capable of removal and replacement, capable of adjustment to lock the gear shift lever, and essentially including devices positively preventing shifting or removal of the gear shift lever in its locked position, and permitting removal of the lever when unlocked and in co-operative relationship with the variable speed gears. * * *

"The need was met by Noser by providing a protective cover, which was raised above the pivot mounting for the lever when the lever was unlocked, and in an operative position to shift the shafts that were a part of the gear change mechanism, thus permit-

ting ready access for the insertion of the retaining ring when the lever was in this position, and which cover is brought down over the mounting for the lever and locked. as an incident to the movement of a part of the lever assembly to lock the lever, so that the gear shift shafts cannot be operated, thereby preventing unauthorized persons from tampering with the mounting for the lever, and at the same time holding the lever against shifting."

Fig. 1.          Fig. 3.

Two claims of the patent are here involved, 9 and 10. They are as follows:

"9. A device of the character described, comprising an axially shiftable shaft, an axially movable lever member for shifting said shaft axially, a support, a pivoted element mounted in the support for supporting the lever member, and a cover in connection with the lever member movable thereby to cover the pivoted element to prevent access thereto when the lever member is in one position.

"10. A device of the character described, comprising an axially movable lever member, a support, a pivoted element mounted in the support for supporting the lever member, a cover in connection with the lever member movable thereby to cover the pivoted ele-

ment, to prevent access thereto when the lever member is in one position, and a lock inclosed by the cover for locking the lever member in different adjustments."

The elements of claim 9 are: (1) An axially shiftable shaft. (2) An axially movable lever member for shifting said shaft axially. (3) A support. (4) A pivoted element mounted in the support for supporting the lever member. (5) A cover in connection with the lever member movable thereby to cover the pivoted element to prevent access thereto when the lever member is in one position. The elements of claim 10 are the same, except that the first element of claim 9, "an axially shiftable shaft," is omitted, and a new element is added, to wit, "a lock inclosed by the cover for locking the lever member in different adjustments." Practically the only difference between the two claims is in the element of the lock, inasmuch as the element, "an axially shiftable shaft," must be read into claim 10 under the language, "a device of the character described."

The axially shiftable lever of the Noser device, of the form shown in Figure 1 of the drawings, consists of two parts, to wit, the tubular member, and the rod inclosed within the tubular member. Both of these are necessary to make up the lever, and it was so stated by Noser while the application for his patent was pending, as shown by the language of the file wrapper: "In Figure 1 the lever comprises the rod 6 and the tubular member 9, both of which parts are necessary to constitute the lever and are so described." In the form of the Noser device shown in Figure 3 of the drawings, the axially shiftable lever consists of a single rod.

Locking of the Noser device is done by pushing down on the handle of the lever. This action pushes a part of the lever (tubular part in Figure 1) in between the projections on the axially shifting shafts. When this is done, no movement of the lever, which would result in moving either of said shafts, is possible until the device is unlocked.

The axially movable lever is thus one of the important features of the Noser device. Another important feature is the cover. This is described as being "in connection with the lever member movable thereby to cover the pivoted element, to prevent access thereto when the lever member is in one position." In Figure 1 of the drawings, and in the device exhibited as the commercial device of plaintiff, the cover is rigidly attached to the

axially movable lever, and moves up and down with it.

[1, 2] The claims involved in suit are both of them combination claims, and the elements are therefore presumed to be old or not patentable. Richards v. Chase Elevator Co., 159 U. S. 477, 486, 16 S. Ct. 53, 40 L. Ed. 225; Hay v. Heath Cycle Co., 71 F. 411, 413, 18 C. C. A. 157; Campbell v. Conde Implement Co. (C. C.) 74 F. 745. But the fact that all the elements are old is not conclusive against patentable novelty. Allen v. Grimes (C. C.) 89 F. 869. Nor does the fact that all the elements are old preclude the possibility of invention. Expanded Metal Co. v. Bradford, 214 U. S. 366, 381, 29 S. Ct. 652, 53 L. Ed. 1034; St. Louis Street Flushing Mach. Co. v. American Street Flushing Mach. Co. (8th Cir.) 156 F. 574, 84 C. C. A. 340; Steiner Co. v. Tabor Co. (C. C.) 178 F. 831, 839. Furthermore, the issuance of the patent raises a presumption that it is valid; that the device possesses utility and embodies invention. Lehnbeuter v. Holthaus, 105 U. S. 94, 26 L. Ed. 939; Wilkins Shoe-Button Fastener Co. v. Webb (C. C.) 89 F. 982, 996; Schumacker v. Buttonlath Mfg. Co. (C. C. A.) 292 F. 522; Zip Mfg. Co. v. Pusch (C. C. A. 8th Cir.) 2 F.(2d) 828.

It is claimed on the part of the defendant that the Noser device was either anticipated by Jensen, 1,233,786, or at least that the device presented no novelty in view of the prior art. In Jensen there is a cover, and this is also true in the prior art patents—Jensen, 1,271,903; Runkle, 1,252,305; Johnson reissue, 15,105. Each of the above-named patents also shows an axially shifting shaft. Two of the prior patents, namely, Runkle, 1,252,305, and Maskey, 1,022,431, show an axially movable lever member. A locking mechanism is also shown in the prior art by a number of patents, including Jensen, 1,233,786, and Johnson reissue, 15,105. But the covers in the patents of the prior art are rigidly fixed, as in Figure 3 of the Noser drawings, instead of being movable by the lever member.

The court below, in summing up the advance made by the Noser device over the prior art, used the following language: "The step forward made by plaintiff's assignor is obvious. It affords ease of access when unlocked, and prevents such access when locked. It prevents removal of the lever when locked, and renders removal easy when unlocked, thus affording great ease of assembling and disassembling. In short, a gear shift lever and lock, made under the patent of plaintiff's assignor, is readily and easily attached or detached."

[3] A careful consideration of the combination of elements constituting the Noser device, its operation, and the result produced, and a comparison of the same with structures of the prior art and the results produced by them, have convinced us that the Noser device did produce the same or a better result, in a better way than any structure disclosed in the prior art. The evidence shows that there was also some commercial success attained by the device. In view of these conclusions, which are aided by the presumption arising from the issue of the patent, we hold that the Noser invention was not anticipated by any structure in the prior art, that it possessed patentable novelty, and that claims 9 and 10 of the patent are valid.

The remaining question is as to infringement. While plaintiff's patent is valid, nevertheless it is apparent, from the state of the prior art as disclosed in the record, that the patent is a narrow one in a crowded art. It was so held by the court below. It cannot be considered a pioneer patent, but can be held valid only if given a strict construction, and limited closely to the device disclosed or to a mechanical equivalent of very narrow range. The result attained by the Noser device was useful, but the result, of course, is not patentable, nor is any one of the elements of the device patentable. It is the combination of the old elements, and that alone, which is covered and protected by plaintiff's patent. No one else can make use of his combination of old elements to produce the same result in substantially the same way, without being an infringer. On the other hand, any one may, if he can, produce the same result by the use of a combination of different elements, or a combination of a lesser number of the same elements used by Noser, without being an infringer.

The defendant's device, as shown by the physical exhibit introduced in evidence, has a lever consisting of a single rod. This lever, however, is not an axially movable lever. In the Noser device, either a part of the lever moves axially downward when it is desired to put it into a locking position, as illustrated in Figure 1 of the patent, or the whole lever moves axially down, as in Figure 3. In defendant's device no such action takes place, but the locking member is slidably mounted on the nonaxially movable lever, and is operated, not by the lever axially, but is pushed down by the foot of the operator into a locking position. The use of a lever was old in the art, and the defendant

had a, perfect right to adopt it. The use of an axially movable lever is one of the main elements in the combination of the Noser device. Such an element is not present in defendant's device.

Noser has a cover for the purpose of protecting the pivot unit, and defendant also has a cover for the same purpose. But defendant's cover differs from that of Noser in not being movable axially by the gear-shifting lever. This cover is slidably mounted on the nonaxially movable lever, so as to be movable with the locking mechanism. In other words, it is movable up and down, but the movement is entirely independent of movement of the lever. In fact, it is necessary that this should be so in defendant's device, inasmuch as the lever in defendant's structure cannot move axially.

In defendant's structure the locking device operates by interposing a member slidably attached to the lever into a grid which is part of the support. In the Noser structure the locking device operates by interposing the lever member itself between arms attached to the axially movable shafts. Furthermore the lock in defendant's device is not one which locks the lever member in different adjustments. The defendant's lock operates on the gear shift lever only when the latter is in inoperative position. Claim 10 of plaintiff's patent, however, calls for a lock which locks the lever in different adjustments. Plaintiff seeks, but not successfully, to escape this difficulty by contending that the word "locking" means "latching" in the upper position of the cover, but means "locking" in the lower position.

After a careful comparison of the Noser device with the accused device of defendant, and bearing in mind that plaintiff's patent is not a pioneer, but a narrow one, and must be construed accordingly, it is our opinion that the defendant's structure is not an infringement of plaintiff's patent. It does not have an axially movable lever member. It does not have a cover movable thereby. It does not have a lock for locking the lever member in different adjustments. The locking mechanism operates differently in the two devices. While the ultimate result reached by defendant's device is the same as that reached by the Noser device, yet the elements of the two devices are not the same, nor mechanical equivalents, and hence defendant's device does not infringe.

The decree below should be modified, so as to hold claims 9 and 10 of plaintiff's patent valid, but also to hold that defendant's device does not infringe said claims. Let the costs in this court be divided equally between the parties.