## RICHARDSON CO. et al. v. HOOD RUBBER CO.

Circuit Court of Appeals, First Circuit.
November 19, 1927.

No. 2150.

**1. Patents ⬤═328—1,156,122, claims 3, 11–13, 15, 17–20, 22, 23, for improvement in fibrous compositions and processes of manufacture, held invalid for anticipation.**

Woodley patent, No. 1,156,122, claims 3, 11–13, 15, 17–20, 22, 23, for improvement in fibrous compositions and processes of manufacture having for its object the obtaining of a composition of matter having superior insulating qualities of high resistance to the elements, and adapted for use as a roofing material, electric insulation, and other purposes, *held* invalid for anticipation.

**2. Patents ⬤═312(3)—No testimony as to quality of patented product would add anything to statements in claims and specifications of patent.**

No testimony offered to prove that plaintiffs' patented product and process of manufacturing it was superior to other products would add anything to the statements in claims and specifications of the patent itself.

**3. Evidence ⬤═150—Evidence as to tests of patented product held at best self-serving, and exclusion thereof in patent infringement suit not error.**

Evidence as to results of tests of plaintiffs' product, offered by plaintiffs in patent infringement suit to show superior quality of the patented product, *held* at best self-serving, and exclusion thereof was not error.

**4. Patents ⬤═17(2)—To be patentable, subject-matter must be work of inventive faculty beyond knowledge of skilled mechanic.**

To warrant granting of a patent the subject-matter of it must be a discovery or work of the inventive faculty beyond the knowledge of a mechanic skilled in the art, and in the light of what has been done in the prior art.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Patent infringement suit by the Richardson Company and another against the Hood Rubber Company. Decree for defendant (16 F.[2d] 785), and plaintiffs appeal. Affirmed.

William H. Davis, of New York City (Marston Allen, of Cincinnati, Ohio, and D. Anthony Usina, of New York City, on the brief), for appellants.

William F. Hall, of Washington, D. C. (Harold C. Haskell, of Watertown, Mass., and Ellis Spear, Jr., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

HALE, District Judge. This is an appeal from a judgment of the District Court for Massachusetts dismissing the bill in equity in the suit brought on the United States letters patent No. 1,156,122, issued to James C. Woodley, October 12, 1915, for improvement in fibrous compositions and processes of manufacture. The plaintiffs, joint owners of the patent, allege that the defendant infringes on process claims 3, 11, 12, 13, and 15, and product claims 17, 18, 19, 20, 22, and 23.

In his specifications the patentee says:

"The invention has for its object the obtaining of a composition of matter having superior insulating qualities, of high resistance to the elements, capable of being readily worked, and thus adapted with slight modifications in proportions and in treatment for a wide range of usefulness as a roofing material, for electric insulation and in the manufacture of various articles in different arts.
*   *   *

"By my invention I seek to obtain a product which may be designated as a fibrous bituminous sheet; that is to say, one in which the fiber and asphalt or other bituminous matter are so merged that the original fibrous material employed has substantially lost its individuality, but imparts to the product a fibrous quality."

The specifications point out that:

"In some cases it may be practicable to introduce the fibrous material to the asphalt in a solid condition, and by gently heating the mass, without reducing it to a liquid condition and passing the paper and gummy asphalt through the kneading and mixing machine, to simultaneously effect the coating and disintegration of the paper."

Some stress is given by the plaintiffs to this method employed in some cases of heating the mass without liquefying it. Plaintiffs say that the substance of the discovery consists in bringing a quantity of fibers into adhesive contact with a mass of warmed, sticky asphalt, and then kneading the mass in a kneading machine; that the process is practiced in power driven kneading or mixing machines—dough mixers—standard mixers that have been available for many years, with the result that the fibrous aggregates which have adhered to the mass of asphalt are disintegrated into separate fibers, and the separate fibers are coated with asphalt and distributed throughout and interlaced or felted in the asphaltic mass; that the product is a fibrous bitumen, having great adhesiveness and extensibility.

The plaintiffs say that the availability of the patented material is illustrated in the case at bar by its use in the manufacture of battery containers, and that the use of the patented process of distributing fibers throughout an asphaltic mass has brought about a revolution in that particular field.

In reference to the product, the inventor says that in it "fibrous material or fibers are distributed homogeneously in the binder in the disintegrating or mixing operation and are coated (and in some cases partly saturated) with the binder before or simultaneously with their being interlaced and twisted together. * * * The mixture of fibrous material and the gummy binder is then worked in a kneading and mixing machine. The effect is first to coat the paper with the binder, so that the subsequent kneading operation thoroughly disintegrates the paper into substantially elementary fibers and each of these fibers is coated with the binder and the resulting fibrous material is thoroughly mixed until a substantially homogeneous product is obtained."

The plaintiffs take claim 15 as typical of their process:

"The process of producing a substantially homogeneous fibrous gummy mass which consists in mixing fibrous material with a closely adherent bituminous binder, having greater extensibility than said fibrous material and repeatedly extending said binder to cause the fibers to be coated with the binder and to be distributed and interlaced throughout the binder."

They take claim 17 as typical of the product:

"The herein described composition of matter which comprises a bituminous binding material with elementary fibers distributed substantially uniformly and homogeneously throughout the mass, the elementary fibers being separately and thoroughly coated with the binder and said fibers being interlaced or

felted together, the product being a fibrous bituminous mass materially tougher than the binding material alone and being non-liquefiable by heat."

The plaintiffs say that the art was highly developed in 1915, the date of the patent; that the workers of the art knew how to select ingredients for mixing the bituminous binder for use in coverings, battery jars, photo trays, hard electrical insulated parts, and many other uses; but that Woodley added to the art a new method of distributing the fibrous constituent in the bituminous binder. They urge that the Woodley process of using an adhesive and extensible bitumen as an agency to seize on aggregates of fibrous material and pull out the individual fibers which are at the same time refelted into the mass of bitumen is novel in the art.

[1] The defendant says that it does not infringe; that the invention of the patent was anticipated by a prior public use. The answer alleges invalidity of the patent, in view of the state of the art in relation to fibrous compositions and processes of manufacturing them existing prior to the invention of Woodley, and that "the processes or products stated in the enumerated claims, or processes and products in all material particulars substantially the same thereas, were known and practiced prior to the alleged invention of James C. Woodley."

United States patent to Frank Rockwood Hall, No. 571,117, dated November 10, 1896, discloses a procedure and product for use in moulding articles like photographic trays. The claim shows:

"A composition of matter comprising roofing pitch which has been distilled until a portion of the oil which it contains has been driven off and its melting point raised, asbestos and gum kauri in substantially the proportions named, mixed and incorporated together by the aid of heat."

The patentee, a Boston attorney, in his testimony described how the mixture was made:

"We used ordinary rubber grinders—that is to say, two power rolls revolved towards each other and heated by steam. The gum, the pitch, was thrown on to those rolls and ground between them under the heat generated in the rolls, and then, when it was soft enough, the fiber was thrown in and the action of the rolls incorporated that in the pitch, and then toward the last of the operation a quantity of kauri gum was also thrown in, and that was softened by the heat and ground into the mixture."

He testified further that the pitch was of sufficient adhesiveness so that the asbestos stuck to the pitch, and it was all incorporated in a plastic mass. From his whole testimony it appears that the asbestos was used to give tensile strength to the material, that is necessarily adhered to the bituminous compound or gummy mass, and, as this mass was pulled, stretched, and turned over, the asbestos was disintegrated and incorporated in the mass. We think this process was substantially the same as shown by the Woodley patent, and set forth in the process claims, and that the resulting compound was substantially the same as, or equivalent to, the compound of the product claims in the Woodley patent.

The Conboy United States patent, No. 939,982, dated November 16, 1909, is addressed to a composition of matter adapted as a substitute for hard rubber and capable of all practical uses to which such rubber is applied, such, for example, as electrical insulation, parts of gun stocks, mouth and ear pieces for telephones, speaking tubes, and the like.

The ingredients of the compound given in the patent are 30 pounds of comminuted or pulverized mineral asbestos, 30 pounds of tar or pitch, four pounds of cotton or similar fibrous ingredient, and one-half pound of Carnauba or equivalent wax. It appears that the pulverized mineral asbestos acts in this compound as a filler, and the cotton or other ingredient serves as a binder, "to reduce its fragility and increase its tensile strength," as stated in the specifications.

The patentee testified in reference to making the mixture:

"Weighed up 30 pounds of tar or pitch, 30 pounds of asbestos, and 4 pounds of cotton. We put it in revolving rolls. Put in the pitch first and it softens, and then put in the asbestos until it catches on the rolls and runs around. It becomes plastic then, and we put in the cotton last, or I can put it in just as it says in the patent, and the half-pound of Carnauba wax."

He further testified that the pitch, at the time the asbestos was put in, was softened by the heat of the rolls and becomes "sort of plastic." In the operation of mixing he employed the rubber mixing rolls such as appear by the testimony to have been used by the appellee in the incorporation of fiber and rubber, as well as in the material or compound out of which photographic trays and telephone mouthpieces were modeled.

We think that the procedure and compound under this patent are substantially

identical with or equivalent to those disclosed in the Woodley patent.

We see no necessity for referring to other patents cited in the prior art, nor of considering the testimony of prior public use in the unpatented art. We are of the opinion that the patents already reviewed by us show anticipation of the patent in suit. It seems clear to us that a mechanic, skilled in the art, and having recourse to these prior patents, could have attained any result disclosed by the patent in suit.

[2, 3] By an assignment of error the appellants have brought before us the exclusion by the District Court, on its own motion, of certain evidence offered in their behalf. It appears that the District Court refused to receive certain papers and certain testimony giving results of tests made by Edward R. Dillehay, and offered by plaintiffs, tending to prove that the process of mixing in the extensible state of the Woodley patent gives superior strength and resistance to shatter and resistance to deflection in the final product. We think a consideration of this assignment of error is not important under our decision with reference to anticipation. In any event, no testimony would add anything to the statements found in the claims and specifications of the patent itself. No such testimony could affect the finding of the court. At best the testimony offered appears to be merely self-serving evidence. We think it might properly be excluded by the District Court in its discretion; and that the plaintiffs did not suffer by its exclusion.

[4] In order to warrant the granting of a patent the subject-matter of it must be a discovery, a work of the inventive faculty, beyond the knowledge of a mechanic skilled in the art, and in the light of what has been done in the prior art. Berlin Mills Co. v. Procter & Gamble Co., 254 U. S. 156, 41 S. Ct. 75, 65 L. Ed. 196; Ansonia Co. v. Elec. Supply Co., 144 U. S. 11, 12 S. Ct. 601, 36 L. Ed. 327; National Safety Co. v. Anderson (C. C. A.) 276 F. 696; Imperial Bottle Cap & Machine Co. v. Crown Cork & Seal Co. (C. C. A.) 139 F. 312, 318, 319.

In the case before us we are of the opinion that whatever inventive thought may be found in the patent in suit had been communicated to the public, and was in such a state of development under prior patents that a skilled mechanic, without use of the inventive faculty, could have attained the results disclosed in the patent.

The decree of the District Court is affirmed, with costs to the appellee in this court.