## In re STOVALL.
### Patent Appeal No. 3111.

Court of Customs and Patent Appeals.
April 17, 1933.

Munn, Anderson, Stanley, Foster & Liddy, of New York City (Harry E. Seidel, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting for lack of invention over the prior art claims 6 and 8 to 12, inclusive, of appellant's application.

Claim 6 is illustrative of the claims in issue and reads as follows: "6. The herein described method of extracting oil from oil sands, consisting in generating steam to a desired pressure, superheating said steam to a desired temperature, conducting said steam through a steam pipe passing through an oil well casing of an existing oil well, to an area within said oil sands, heating the oil sands by the steam to a temperature at which gas is formed thereby creating a suitable conveyer for forcing the flow of oil contained in the oil sands adjacent to said heated area, away from said heated area and removing said flowing oil through wells in said adjacent area."

The references relied on are: West, 193,838, August 7, 1877; Lee, 1,439,560, December 19, 1922; Hixon, 1,491,138, April 22, 1924; Larsen, 1,565,574, December 15, 1925.

As indicated by the above-quoted claim, appellant's claimed invention relates to the method of extracting oils from wells by forcing superheated steam into one well of a group and thereby causing the oil to flow to adjacent wells.

The patent to West discloses the use of superheated steam in an oil well for the purpose of cleaning it. He points out that water, resulting from live steam becoming condensed in passing through the pipes, is objectionable and will close the pores in the rocks and prevent the passing of the oil.

The patent to Hixon suggests the same method as that employed by appellant, except that Hixon teaches the use of ordinary steam with superheated water.

The Board of Appeals held that with the teachings of West a suggestion would be received that superheated steam would be preferable to the steam and water in the Hixon method, and therefore there would be no invention in substituting superheated steam, as taught by West, for the steam and superheated water in the method taught by Hixon.

Appellant argues in his brief that, if West's teachings would have suggested to Hixon the use of superheated steam, instead of steam and water, Hixon would have employed it, and that the fact that he did not is persuasive that there was invention in appellant's method.

This contention is predicated, of course, upon the assumption that Hixon actually had before him the disclosure of West. In the absence of a showing that Hixon actually knew of West, no inference can be drawn from a failure upon the part of Hixon to vary his method to embody the teachings of West when, as far as we know, he may actually have known nothing of West.

Furthermore, the principle is well established, as stated in the brief of the Solicitor for the Patent Office, that "If the skilled worker in the art, actually having before him the disclosures of Hixon and West, would be taught therefrom, or find obvious therefrom, the process of the appealed claims, such process is unpatentable to appellant even though he actually knew of neither of the patents to Hixon or to West. Derby v. Thompson, 146 U. S. 476, 13 S. Ct. 181, 184, 36 L. Ed. 1051; Millett et al. v. Allen, Commissioner of Patents, 27 App. D. C. 70, 1906 C. D. 752."

In the case of Derby v. Thompson, supra,

there was involved the question of invention in a combined child's chair and carriage in view of three prior patents for chairs. The court held that in view of these prior patents there was no invention in the chair there involved. The court in its opinion said: "* * * Though he [the alleged inventor] may not in fact have known of these three chairs, but may have supposed that he was inventing something valuable, we are bound, in passing upon his device, to assume that he had them all before him, and with that knowledge it seems to us that it required nothing more than the skill of an ordinary mechanic to adopt the most valuable features of each in the construction of a new chair. * * *"

We are satisfied that, in view of the references, one skilled in the art could, without the exercise of the inventive faculty, adopt appellant's method set out in the claims here involved, and therefore the decision of the Board of Appeals should be, and hereby is, affirmed.

Affirmed.