### CALLISON v. DEAN et al.
### No. 932.

Circuit Court of Appeals, Tenth Circuit.
April 4, 1934.

A. A. Davidson, of Tulsa, Okl. (M. S. Sawyer, Frederick W. Bailey, and Preston C. West, all of Tulsa, Okl., on the brief), for appellant.

John S. Robinson, of Tulsa, Okl., for appellees.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Callison brought this suit against T. J. Dean, who was doing business under the trade name of Dean Novelty Company, and the Southern Mills & Manufacturing Corporation to enjoin the infringement of patent No. 1,-645,370, and for an accounting.

On July 12, 1927, Callison filed his application for a patent on an improvement in amusement devices. The patent was granted October 11, 1927. The specification in part states:

"My invention relates to an improvement in amusement devices of the type of aerial projectile targets with ball return and is particularly adapted for use with the amusement device of the patent to W. A. Tratsch, dated September 1, 1925, No. 1,551,858, in which a coin-controlled pistol may be caused to propel a ball to a target in which the balls, after striking the target, roll down an inclined plane into place to be loaded into the pistol when the reloading device has been released by a coin inserted in the coin slot, and in which the reloading of the pistol operates a device for resetting any target indicator which has been caused to be shown.

"My invention has for its object to provide a stop device in the path of the balls as they roll back from the target so as to permit them to be counted before being returned to the pistol and to so arrange the stop device that movement of the reloading device by which the targets are reset operates to lift the stop device and release the balls retained by it.

"A further object of the invention is the provision in the stopping device of pockets which may be numbered so that the lodging of a ball in one pocket rather than another as

well as hitting the bull's eye of a target may require the exercise of special skill."

The patent contains seven claims. Claims 1 and 2 are as follows:

"1. In an amusement device having a propelling device for balls, a target above the level of the propelling device and an inclined surface leading from the target to the propelling device for returning the balls thereto, means between the target and propelling device for stopping the balls as they return from the target and means for lifting the stopping means to release the balls stopped by it.

"2. In an amusement device having a propelling device for balls, a target above the level of the propelling device, and an inclined surface leading from the target to the propelling device for returning the balls thereto, means between the target and the propelling device for stopping the balls as they return from the target comprising a bar extending across the inclined surface having arms extending towards the target pivoted at the ends of the arms and means for swinging the bar upward upon its pivots to release the balls."

Claims 3 to 7, inclusive, are substantially like claim 2.

At the trial Callison introduced a certified photostat copy of the patent and the file wrapper. The original application contained eight claims. References were cited to claim 1, and it was abandoned. Original claims 2 to 8, inclusive, became claims 1 to 7, inclusive, of the patent, and to them no references were cited.

The alleged infringing device was introduced in evidence at the trial and is brought before this court as an original exhibit. Callison testified that it embodied the invention set forth in claim 1.

The alleged infringing device is constructed within a wooden case mounted on legs. The upper side of the case is glass. The lower and upper portions of the case are divided by a wooden partition positioned so that the upper surface thereof constitutes an inclined plane sloping from the rear to the front of the case. This partition has round holes in it at various points that serve as targets. At the righthand front corner of the case is situate a device for projecting balls. The balls are shot thereby through an alley, which extends from the projector for about three-fifths of the length of the case. They strike on the rear end of the case above the partition, which also serves as a target, and rebound in the direction of the targets in such partition.

Beneath this partition is a movable part which fits against the lower side of the partition, and in normal position closes the bottom of the holes in the partition and prevents the balls from falling through. This movable part has holes located in the same relative position, and of the same size and number as the holes in the partition. The movable part is connected with an arm at the front end of the case, by which it may be moved forward and upward so as to bring the holes in it directly in line with the holes in the partition, whereby common openings are formed through which the balls drop to the floor of the case. The floor is also positioned so that its upper surface forms an inclined plane, sloping toward the front end of the case, and upon which the balls travel by gravity back to the projector.

The plane of the partition is positioned above the level of the projector. Hence the targets therein and the target at the rear of the case are also positioned above the level of the projector.

The Southern Company built the cases and movable parts, and shaped the boards for the partitions. Dean completed the process of manufacture. Both continued so to do after they had received notice of the patent in suit. In all Dean built 735 of the alleged infringing devices.

The bill alleged notice of the patent to the defendants, and the answer made no denial thereof.

On January 25, 1932, Callison notified both defendants that he was the owner of patent No. 1,645,370, and that defendants were infringing. He inclosed copy of the patent with each notice. The notices were signed "Lone Star Sales Company," the name under which Callison did business.

After finding in substance the foregoing facts, the court made the following conclusions:

"1. That the notice of infringement of plaintiff's patent upon Southern Mills & Manufacturing Company was insufficient as a condition of plaintiff's right to maintain this suit.

"2. That the plaintiff's patent device is without utility.

"3. That plaintiff's evidence is insufficient to establish his right to the relief prayed for."
And entered a decree dismissing the bill. Callison has appealed.

The knowledge or intent of the infringer is immaterial, except as it affects the amount of damages recoverable. Goodyear v. Allyn, Fed. Cas. No. 5,555; Horn v. Bergner (C. C.

Md.) 68 F. 428; New York Pharmical Ass'n v. Tilden (C. C. N. Y.) 14 F. 740; Kawneer Mfg. Co. v. Toledo Plate & Window Glass Co. (D. C. Mich.) 232 F. 362, 367; Thompson v. N. T. Bushnell Co. (C. C. A. 2) 96 F. 238, 242; C. F. Mueller Co. v. A. Zeregas Sons (C. C. A. 2) 12 F.(2d) 517, 519; 35 USCA § 49.

An invention is useful, as that term is used in the statute (35 USCA § 31), if it is capable of being beneficially used for the purpose for which it was designated. Seymour v. Osborne, 11 Wall. 516, 549, 20 L. Ed. 33. Or, as sometimes stated, if it will operate to perform the functions and secure the results intended, and its use is not contrary to law, moral principles, or public policy. Boyce v. Stewart-Warner Speedometer Corp. (C. C. A. 2) 220 F. 118, 126; Wintermute v. Redington, Fed. Cas. No. 17,896; Westlake v. Cartter, Fed. Cas. No. 17,451.

Robinson on Patents, vol. 1, c. IV, p. 463, § 339, defines "utility" as follows:

"Utility, as predicated on inventions, means industrial value; the capability of being so applied in practical affairs as to prove advantageous in the ordinary pursuits of life, or add to the enjoyment of mankind."

A device which may be used for innocent amusement possesses utility.

A patent is itself prima facie evidence that the invention is useful. Superior Hay Stacker Mfg. Co. v. Dain Mfg. Co. (C. C. A. 8) 208 F. 549, 557; Cleveland Automatic Mach. Co. v. National Acme Co. (C. C. A. 6) 52 F.(2d) 769, 770; Gerrity v. Dallas Foundry (C. C. A. 5) 4 F.(2d) 655, 656.

One who has used an invention or something substantially like it is estopped to deny utility, viz., lack of any useful function; but he is not thereby estopped to deny want of invention. Seymour v. Ford Motor Co. (C. C. A. 6) 44 F.(2d) 306, 308; Nestle-LeMur Co. v. Eugene (C. C. A. 6) 55 F.(2d) 854, 856; Sandy MacGregor v. Vaco Grip Co. (C. C. A. 6) 2 F.(2d) 655, 656. See, also, Ersted v. Willamette Iron & Steel Works (C. C. A. 9) 28 F.(2d) 960; Goss Printing-Press Co. v. Scott (C. C. A. 3) 108 F. 253, 258; Railroad Supply Co. v. Hart Steel Co. (C. C. A. 7) 222 F. 261, 268.

We conclude therefore that the device possesses utility.

The question of novelty must be determined from the face of the patent. The patent office cited no anticipation, and no prior art is before us.

The patent itself is prima facie evidence of novelty. Zip Mfg. Co. v. Pusch (C. C. A. 8) 2 F.(2d) 828, 831; Acme Foundry & Mach. Co. v. Oil Well Improvements Co. (C. C. A. 8) 2 F.(2d) 530, 531; Sodemann Heat & Power Co. v. Kauffman (C. C. A. 8) 275 F. 593, 596; Toledo Metal Wheel Co. v. Foyer Bros. & Co. (C. C. A. 6) 223 F. 350.

We must assume therefore that the patent possesses novelty.

The only remaining question is, does it rise to the dignity of invention. To do so, the conception of the patent must be the result of the exercise of the inventive or creative faculty, not of mere mechanical skill. Richardson Co. v. Hood Rubber Co. (C. C. A. 1) 22 F.(2d) 501, 504; Stearns-Roger Mfg. Co. v. Ruth (C. C. A. 10) 62 F.(2d) 442, 446; Linville v. Milberger (C. C. A. 10) 34 F.(2d) 386, 388; National Safety Lift Co. v. Anderson (C. C. A. 1) 276 F. 696, 698; Donner v. Sheer Pharmacal Corp. (C. C. A. 8) 64 F.(2d) 217, 221; Saranac Automatic Mach. Co. v. Wirebounds Patents Co., 282 U. S. 704, 713, 51 S. Ct. 232, 75 L. Ed. 634; Thompson v. Boisselier, 114 U. S. 1, 12, 13, 5 S. Ct. 1042, 29 L. Ed. 76.

Mechanical skill is but the display of the expected skill of the calling; it involves only the exercise of the ordinary faculties of reasoning, aided by the special knowledge and the facility of manipulation which is acquired through habitual and intelligent practice of the art; and it is in no sense the creative work of that inventive faculty which it is the purpose of the constitution and the patent laws to encourage and reward. Hollister v. Benedict & Burnham Mfg. Co., 113 U. S. 59, 5 S. Ct. 717, 28 L. Ed. 901; Donner v. Sheer Pharmacal Corp., supra. That which would readily occur to one acquainted with the prior art and skilled in that art, involves mere mechanical skill. In re Stovall (Cust. & Pat. App.) 63 F.(2d) 985; J. J. Warren Co. v. Rosenblatt (C. C. A. 7) 80 F. 540, 542; Donner v. Sheer Pharmacal Corp. (C. C. A. 8) 64 F.(2d) 217, 221; Fisher Governor Co. v. C. F. Camp Co. (C. C. A. 10) 40 F.(2d) 341, 343.

We are of the opinion that on the face of the record before us, we cannot say that the conception of the claimed invention did not rise above the skill of an ordinary mechanic.

Furthermore the issuance of the patent creates the presumption of patentable invention. Galvin Elec. Mfg. Co. v. Emerson Elec. Mfg. Co. (C. C. A. 8) 19 F.(2d) 885, 888; Skinner Bros. Belting Co. v. Oil Well Im-

provements Co. (C. C. A. 10) 54 F.(2d) 896, 898; Johnson Automobile Lock Co. v. Noser Instant Auto Lock Co. (C. C. A. 8) 9 F.(2d) 265, 267.

██ The alleged infringing device reads squarely on claim one of the patent. It is an amusement device having a means for projecting balls. The rear end of the case between the glass and the partition, and the holes in such partition constitute targets which are positioned above the level of the projector. Underneath the partition and the movable part is a floor, the upper surface of which constitutes an inclined plane extending from the targets to the projector for returning the balls to the projector. The movable part is a means between the targets and the projector for stopping the balls as they return from the targets, and the arm is a means for lifting the stopping device to release the balls and permit them to return to the projector.

Whether it infringes claims 2 to 7, inclusive, we do not undertake to determine on the present record.

We conclude therefore that the court erred in dismissing the bill. The cause is reversed and remanded for further proceedings in accordance with this opinion.