**CALLISON v. BOYLE et al.**

**No. 1622.**

Circuit Court of Appeals, Tenth Circuit.
March 21, 1938.

A. A. Davidson, of Tulsa, Okl. (West & Davidson, of Tulsa, Okl., on the brief), for appellant.

W. L. Coffey, of Tulsa, Okl. (Coffey & Coffey, of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Callison brought this suit against Boyle and the Crown Drug Company for alleged infringement of claim 6 of patent No. 1,645,370, issued October 11, 1927. The trial court held the claim was not infringed by the defendants' device and entered its decree dismissing the bill. Callison has appealed.

Claim 6 reads as follows:

"In an amusement device having a propelling device for balls, a target above the level of the propelling device, and an inclined surface leading from the target to the propelling device for returning the balls thereto, means between the target and the propelling device for stopping the balls as they return from the target comprising a bar extending across the inclined surface provided with pockets to receive the balls."

In his specification patentee states that the invention relates to an improvement in amusement devices, particularly adapted for use with the device of the Tratsch patent No. 1,551,858, in which a coin-controlled pistol propels a ball to a target and the ball, after striking the target, rolls down an inclined plane and into position to be returned to the pistol, upon release of the reloading device by a coin inserted in the coin slot, and in which the reloading of the pistol operates a device for resetting the target indicator.

Callison states that the objects of the invention are:

(1) To provide a stop device in the path of the balls as they roll back from the target so as to permit them to be counted before being returned to the pistol;

(2) To provide in the stop device numbered pockets arranged so that the lodging of a ball in one pocket rather than another may require the exercise of skill; and

(3) To so arrange the stop device that movement of the reloading device by which the targets are reset will lift the stop device and release the balls retained by it.

It will be observed that the claim provides no means for effecting the object last mentioned.

The patent was before this court in Callison v. Dean, 10 Cir., 70 F.2d 55. We sustained the patent generally and held claim 1 to be valid and infringed. No prior art was before us and we did not

deal specifically with claim 6. Furthermore, claim 6 does not provide any means for lifting the stopping device to release the balls after they have been counted as does claim 1.

All that is new over Tratsch in the claim in suit is a bar provided with pockets to receive the balls, located between the target and the propelling device, and extending across the inclined surface.

This bar is illustrated in Figures 1 and 3 of the patent drawings which follow:

matic Mach. Co. v. Wirebounds Patents Co., 282 U.S. 704, 713, 51 S.Ct. 232, 235, 75 L.Ed. 634; Thompson v. Boisselier, 114 U.S. 1, 12, 13, 5 S.Ct. 1042, 29 L.Ed. 76.

■ Mechanical skill is but the display of the expected skill of the calling; it involves only the exercise of the ordinary faculties of reasoning, aided by the special knowledge and the facility of manipulation which is acquired through habitual and intelligent practice of the art; and it is in no sense the creative work of that in-

■ In order to rise to the dignity of invention the conception of the patent must be the result of the exercise of the inventive or creative faculty, not of mere mechanical skill. Richardson Co. v. Hood Rubber Co., 1 Cir., 22 F.2d 501, 504; National Safety Lift Co. v. Anderson, 1 Cir., 276 F. 696, 698; Donner v. Sheer Pharmacal Corporation, 8 Cir., 64 F.2d 217, 221; Stearns-Roger Mfg. Co. v. Ruth, 10 Cir., 62 F.2d 442, 446; Linville v. Milberger, 10 Cir., 34 F.2d 386, 388; Saranac Auto-

ventive faculty which it is the purpose of the constitution and the patent laws to encourage and reward. Hollister v. Benedict & Burnham Mfg. Co., 113 U.S. 59, 5 S.Ct. 717, 28 L.Ed. 901; Donner v. Sheer Pharmacal Corporation, 8 Cir., 64 F.2d 217, 221. That which would readily occur to one acquainted with the prior art and skilled in that art, involves mere mechanical skill. In re Stovall, Cust. & Pat.App., 63 F.2d 985; J. J. Warren Co. v. Rosenblatt, 7 Cir., 80 F. 540, 542; Don-

ner v. Sheer Pharmacal Corporation, supra; Fisher Governor Co. v. C. F. Camp Co., 10 Cir., 40 F.2d 341, 343.

The Young patent, No. 492,178, issued February 21, 1893, discloses a stopping means between the target and the propelling device which consists of a cross bar with numbered pockets extending across the inclined plane and which interrupts the ball as it travels from the target along the inclined plane back toward the propelling device. A similar stopping means is disclosed by Young patent, No. 513,224, issued January 23, 1894, and by Caille patent, No. 711,383, issued October 14, 1902.

It is our conclusion that the addition of the stopping means to the combination disclosed by Tratsch would have occurred readily to one acquainted with the prior art and skilled in that art and that it involved mere mechanical skill and did not rise to the dignity of invention. We, therefore, hold claim 6 is void for want of invention.

The decree is affirmed.