John F. CODY et al., Plaintiffs,

v.

**AKTIEBOLAGET FLYMO et al.,**
Defendants.

Civ. A. No. 1654–67.

United States District Court
District of Columbia.

June 19, 1969.

Lawrence L. Colbert, Washington, D. C., for plaintiffs.

Laurence R. Brown, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

This matter comes before the Court on cross-motions for summary judgment. Plaintiffs (Cody) who are residents of various states sue residents of Sweden (Flymo) under 35 U.S.C. § 146 challenging a decision of the Board of Patent Interferences dated March 23, 1967. The Board rejected the claims of Cody, the junior party, which had been set up in interference with a patent awarded Flymo.

The invention here relates to a wheelless grass cutting machine having a commonly driven rotary cutter and air impelling means. The air impelling means produces a fluid force against the ground to support the machine on a

cushion of air at a distance above the ground during the cutting operation. The ultimate object of the invention is a grass cutting machine without wheels which is held off the grass by air pressure generated in such fashion that the machine remains in proper posture for cutting without the air pressure flattening the grass to a point that makes cutting impractical.

Flymo had a filing date of March 16, 1961, and could not go behind that date. Cody's claims were based on a structure developed in 1960. The Board found that the machine built by Cody in 1960 included structure to support the counts of the interference and showed every feature of the invention as defined in the counts. The Board, however, denied Cody's claims because Cody had failed to prove by a preponderance of the evidence that the Cody machine was "acceptable" or "satisfactory" in operation. On reconsideration by the Board this view of the proofs was stated somewhat differently. The Board indicated there had not been an actual reduction to practice which was explained in the following terms:

> No doubt the tests in April of 1960 and at later unproven dates were of an encouraging nature and may have justified a prediction that the invention would probably be successful if and when it could be put to practical use. However reduction to practice requires more than that. What is required is not a mere basis for prediction but an actual demonstration. See Elmore v. Schmitt, 47 CCPA 958; 757 O.G. 288; 278 F.2d 510; 125 U.S. P.Q. 653; 1960 C.D. 296 (300). [P. 340]

■ These determinations are erroneous in law and fact. The type of wheelless grass cutting machine involved in the interference was potentially a basic development of considerable consequence in the absence of prior art. The central issue before the Board was whether Cody, the junior party with the earlier conception date, had a machine of practical efficacy and utility. Callison

v. Dean, 70 F.2d 55 (10th Cir. 1934); Burson v. Vogel, 29 App.D.C. 388 (1907). Efficiency cannot be questioned. The Cody machine cut grass satisfactorily under operating conditions although the width of the cut was not in relation to the length of the blade at the optimum desired. The machine also had utility in that it was not a frivolous idea but was capable of being applied in practical affairs and had an apparent industrial value. The fact that further experimentation and refinement was deemed necessary for the machine to reach its full potential is of no consequence. The inventor was not proceeding on laboratory theory; there was actual physical practice because it was shown that the invention worked. The interference counts did not specify the width of cut and the validity of Cody's position is not destroyed by the inventor's recognition that improvements were desirable. Hildreth v. Mastoras, 257 U.S. 27, 42 S.Ct. 20, 66 L.Ed. 112 (1921).

■ The Board's reliance on Elmore v. Schmitt, *supra*, is misplaced. Without reviewing the facts of that case in detail, it is clear that the Court of Customs and Patent Appeals rejected the counts in interference because the invention had not been reduced to an actual demonstration such as encountered in its practical use but was supported solely on a basis of prediction founded on laboratory tests. The nub of the invention in this instance is a machine that cuts grass and Cody's machine cuts grass in actual fact. Flymo's counts were not based upon the utility of Flymo's invention under any specified operating conditions of terrain, slopes, type of grass or the like. Accordingly, it was not proper for the Board to reject the Cody claims merely because the Board apparently felt that Flymo's machine would work better than Cody's. Cody has the prior conception date and his structure embodies all of the major elements of the claims in interference.

■ Other defenses are urged by Flymo supporting the rationale of the Board's decision but these were not de-

veloped in any detail before the Board. It is not for the Court in this proceeding to re-examine all aspects of the Board's decision but only to review the Board's ruling on the central issue of priority. Priority was clearly established and there was a sufficient reduction to practice as a matter of law.

Summary judgment will be granted for the plaintiffs and defendants' cross-motion for summary judgment is denied. The Board's determination is reversed and the matter is remanded to the Board for further proceedings consistent with this judgment.

Counsel shall submit an appropriate order.