DILG et al. v. GEORGE BORGFELDT & CO.

(Circuit Court of Appeals, Second Circuit. June 29, 1911.)

No. 280.

PATENTS (§ 328*)—INVENTION—CUTLERY-POLISHING MACHINE.

The Dilg & Dilg patent, No. 662,919, for a cutlery-polishing machine, is void for lack of invention, in view of the prior art, which, for the purpose of testing the question of invention, must be regarded as including cutlery-grinding machines.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Christian F. Dilg and Charles H. J. Dilg, partners, against George Borgfeldt & Co. Decree for defendants, and complainants appeal. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

V. D. Borst and H. D. Williams, for appellants.

Hans v. Briesen (Arthur v. Briesen, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The patentees at the commencement of their specification thus describe the subject-matter of their claimed invention:

"Our invention relates to a cleaning and polishing machine adapted for use primarily for renovating articles of small size, as knives, forks, etc., or other cutlery-ware, and has for its object the provision of a machine of the class described simple in construction, inexpensive in manufacture, and efficient in practical use."

The claim in question reads as follows:

"1. In a cutlery-polishing machine, the following elements: Shafts of two rotatable cleaning devices, means to move one shaft forward and backward (parallel to the other) and rigidly hold the same in any desired position; a main operating-shaft located below the plane of the two said shafts; and stationary and shifting means to similarly rotate the stationary and movable shafts in opposite directions whether the same are moving forward or back or lying adjacent or apart; and detachable rotatory cleaning devices."

The machine of the claim is thus a structure in which there are two detachable rotary cleaning or polishing devices between which the article to be cleaned is placed, one of which is movable to and from the other and yet is always held rigid and parallel thereto; in which there is a main driving shaft situated below the axis of the cleaning devices so as to be out of the way of the article being cleaned, and in which there are driving means for the rotation of the cleaning devices adaptable to their different positions.

The defenses are:

(1) Invalidity;

(2) Noninfringement.

In considering the question of validity we shall not, primarily, look for strict anticipation but shall endeavor to ascertain whether, in view of the prior art, invention is to be found in the claim in suit.[1]

[1] As bearing upon the defense of invalidity, much stress is laid in the defendant's brief and in the opinion of the court below upon the proceedings in the Patent Office. It seems that the patentees erased a claim containing all the elements of the present claim with the exception of "a main operating shaft located below the plane of the two said shafts," and the Circuit Court held that they became thereby estopped from asserting that there is any patentable novelty in that part of the present claim which was embraced within the cancelled claim.

It is, of course, well settled that when an inventor seeks a broad claim which is rejected, and, acquiescing in the rejection, substitutes a narrower claim, he cannot be heard to insist that the claim as allowed should be construed to cover that which was rejected. The complainants insist that this is the extent of the rule and that the mere cancellation of a claim, although upon its rejection by the Patent Office, does not amount to an admission with respect to the patentable character of its subject-matter which binds him in the consideration of other claims which may embrace the same subject-matter as a part thereof.

As, however, we reach the same conclusion as the Circuit Court without referring to the proceedings in the Patent Office, it is unnecessary to determine the question of estoppel presented, and we think that dicta upon the subject would be inexpedient.

We shall also assume, in accordance with the complainants' contentions, that they are entitled to carry back the date at which the prior art must be considered, from the date of the application in 1895 to 1888.

Examining the prior art, we find that the field was quite crowded when the patentees came into it. Earlier patents disclose cutlery polishing and grinding devices having mechanism for moving one polishing or grinding wheel toward the other; and, although all the elements of the claim may not be found in any one patent, it is clear that they are all to be found in different patents. No single patent may anticipate, but they all have a bearing upon the question whether invention or mechanical skill was involved or required.

Cutlery-polishing machines and cutlery-grinding machines are so similar in their nature that both must be regarded in the prior art for the purpose of testing the inventive character of the claim. The polishing-machine, of course, removes the surface of the knife far less than the grinding or sharpening machine and the position of the knife may be somewhat different when being ground than when being polished; but still the nature of the machines and their operation are so similar that we think it clear that that which is old in grinding machines cannot be regarded as new in polishing machines. If the arts are not the same they are closely analogous.

In the prior art in 1888 was the patent to Heitze for a cutlery-grinding machine. This patent shows all the elements, except one, of the claim in suit in similar combination. The exception is that the operating shaft is not described as being located below the plane of the two wheel shafts and the question is thus at once presented whether invention was involved in taking the structure of the Reitze patent and lowering the operating shaft. And this question is not complicated by proof that the machine if altered would work in any different way or accomplish any novel result—except that the shaft would be out of the way of the article being polished.

Now the location of the operating shaft below the wheel shafts in cutlery-grinding machines was old in 1888. Such construction is shown in the Capewell patent of 1877. Indeed this patent shows all the elements of the patent in suit operating similarly except that the grinding rollers are not "similarly" rotated and it may well be doubted whether the exercise of the inventive faculties would have been necessary to modify the gear ratio to meet the terms of the claim. The Guex patent of 1878 shows a cutlery-cleaning machine in which also the main shaft is located below the plane of the wheel shafts, although the machine differs from that of the patent in that there is no provision for adjusting the relative position of the rolls.

As already indicated, then, the problem presented to a man skilled in the art was to modify the Reitze cutlery-grinding machine to fit it for cleaning and polishing cutlery In that structure the knife to be sharpened rested with its edge upon the grinding stones and was not pressed down between them and there was not the same necessity for locating the operating shafts below the wheel shafts. But in using the machine for polishing the knife would necessarily be lowered between the buffing rolls and the drive shaft might be in the way. In our opin-

ion, especially in view of the prior patents, it required no more than mechanical skill to obviate the difficulty by locating the drive shaft below the plane of the wheel shafts and thus putting it out of the way.

While we have no doubt that the complainants' machine has been commercially successful, we are by no means satisfied that there was a period of groping and that the complainants succeeded where others failed. Even if such were the case it would not be sufficient to show invention here.

We also recognize the complainants' contention that although every element of a combination may be old, yet the combination itself may be patentable. But a combination is not patentable unless it shows invention, and in view of the cutlery grinding and polishing machines of the prior art, we find no invention in the present case.

The decree of the Circuit Court is affirmed, with costs.