## LINVILLE et al. v. MILBERGER.

Circuit Court of Appeals, Tenth Circuit.
August 17, 1929.

No. 73.

387

H. A. Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., of Dayton, Ohio, and Burns & White, of Kansas City, Mo., on the brief), for appellants.

George P. Fisher, and Cyril A. Soans, both of Chicago, Ill. (Fisher, Clapp, Soans & Pond, of Chicago, Ill., O. D. McCollum, of Kansas City, Mo., and L. Ward Bannister, of Denver, Colo., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. This is an appeal from a decree in favor of the defendant in a suit brought by Christie D. Linville, administratrix of the estate of Charlie J. Angell, deceased, and the Ohio Cultivator Company against Emanuel Milberger, for alleged infringement of claims 1, 2, 4, and 5 of patent No. 1,615,499 for a one-way disc plow. Application for this patent was filed May 11, 1926, by Charlie J. Angell. The patent was issued January 25, 1927. The Ohio Cultivator Company is the exclusive licensee of the patent rights. The defendant is local distributor in Russell county, Kan., of a one-way disc plow manufactured by the J. I. Case Threshing Machine Company.

The trial court, in an elaborate opinion reported in 29 F.(2d) 610, found that the Case plow would infringe if the patent were valid, but that the patent was invalid because of anticipation by British patent No. 8886 to McKay, published September 9, 1911, the United States patent No. 853,510, issued to Grant May 14, 1907, and by the prior knowledge and use of the Cox plow.

The claims in suit may be analyzed as follows:

Claim 1. In a disc harrow combined with a general frame: (1) A three-point adjustable support, one support near the forward right-hand end, one near the rear left-hand end, and one at the left side intermediate of the front and rear ends; (2) a series of discs and axial support therefor connected to the frame, and to which the discs are secured, such discs being substantially perpendicular to the horizontal and such axial support at an angle to the line of draft; and (3) a thrust bearing in line with the shaft.

Claim 2 is substantially the same as claim 1.

Claim 4. In a disc plow in combination with a main frame: (1) A shaft; (2) a series of supporting bearings; (3) a thrust bearing in line with the shaft, all carried by the frame; and (4) a series of discs on said shaft, said shaft having an angular cross-section to interlock rotatably with all the discs, the position of such shaft being at an angle to the draft line of the machine.

Claim 5. In a disc plow the combination with a general frame, draft devices, and ground wheels to resist lateral swerving of the machine: (1) A disc shaft mounted in journals connected with the frame at an angle to the line of draft; (2) a series of discs rigidly mounted thereon with the active cul-

tivating segment of each succeeding disc overlapping the segment of the preceding disc and with the forward face of each disc substantially vertical or perpendicular to the surface. In this claim, the function of these parts is said to be, "whereby the whole surface or swath covered by the machine is cultivated and a homogeneous seed bed is produced without chasms due to clods." In semiarid regions, the plow performs a very important and valuable function in the preparation of land for wheat seeding. Claim 5 differs from claims 1 and 2 in that it makes no mention of either a three-point adjustable support or of a thrust bearing in line with the shaft.

Claim 4 differs from claims 1 and 2 and from claim 5 in that it specifically provides for a shaft with an angular cross-section to interlock rotatably with the discs.

The McKay British patent, No. 8886, published September 9, 1911, is for a one-way disc plow. It shows a general frame, ground wheels to resist lateral swerving of the machine, an adjustable draft device, and a series of discs rigidly mounted on a shaft with an angular cross-section, which shaft is mounted in journals connected with the frame at an angle to the line of draft. The cultivating segment of each succeeding disc may be made to overlap by adjustment of the line of draft. The means and manner of such adjustment is also disclosed. When the forward face of each disc is substantially vertical or perpendicular to the surface. This patent discloses each of the elements of claim 5 or their mechanical equivalent. These elements, in the McKay patent, are combined in substantially the same way, and would produce substantially the same result by substantially the same means as the combination of elements in claim 5. It follows that claim 5 is anticipated by the McKay patent. Owens Co. v. Twin City Separator Co. (C. C. A. 8) 168 F. 259, 265; Western Willite Co. v. Trinidad Asphalt Mfg. Co. (C. C. A. 8) 16 F.(2d) 446, 450; Tubelt Co. v. Friedman (C. C.) 158 F. 430, 439.

The Grant patent, No. 853,510, issued May 14, 1907, for a one-way disc cultivator, disclosed each of the several elements in claims 1, 2, 4, and 5, or their mechanical equivalents, with the exception of the angular cross-section of the disc shaft as a means of mounting the discs rigidly thereon, in substantially the same combinations as claims 1, 2, 4, and 5.

The Grant patent, although not showing the particular means therefor, contemplated that the discs should be rigidly mounted on the shaft. The specification states: "Below the diagonal frame piece is situated the disk shaft. Upon this and turning with it, are any number of disks."

The use of an angular cross-section or square shaft, as a means of mounting the discs, was old in the art and in common use when Angell devised his plow.

That which would be obvious to a mechanic, acquainted with the art, is not patentable. Gates Iron Works v. Overland Gold Min. Co. (C. C. A. 8) 147 F. 700, 702, 703.

A greater degree of ingenuity or skill than is possessed by an ordinary mechanic, acquainted with the business, must be exercised in designing an improvement in a device, in order to constitute it an invention. Dunbar v. Meyers, 94 U. S. 187, 197 (24 L. Ed. 34); Atlantic Works v. Brady, 107 U. S. 192, 199, 200, 2 S. Ct. 225, 27 L. Ed. 438.

Although all the elements are not found in one patent and therefore no single patent anticipates, yet, if found in different patents in the same art, they may be properly considered on the question of whether invention or mechanical skill was involved. Reflectolyte Co. v. Luminous Unit Co. (C. C. A.) 20 F.(2d) 607, 611; Dilg v. Borgfeldt & Co. (C. C. A. 2) 189 F. 588, 590.

The use of a square disc shaft, old in the art when Angell devised his plow, in the same combination as Grant disclosed, when Grant clearly indicated that the discs in his combination should be rigidly mounted and turn with the shaft, would certainly be apparent to a person skilled in the art, and would not lift the claims of the patent in suit to the plane of invention over the Grant disclosure. Tubelt v. Friedman (C. C.) 158 F. 430, 439.

Counsel for appellants contend that the Grant patent is for a cultivator, and that it would not do the work of a disc plow; that the discs would not cut the soil to a sufficient depth, and that the cultivating segments of the several discs would not overlap. Such overlapping is accomplished by increasing the angle of the shaft from the line of draft. The means for such adjustment are provided and fully described in the specification of the Grant patent. Deeper plowing could be readily accomplished by increasing the size of the discs and the weight of the machine. Cultivation and plowing are analogous; where a disc is employed, they differ in degree only.

In Sloan Filter Co. v. Portland Gold Min. Co. (C. C. A.) 139 F. 23, 26, the court said:

"The mere carrying forward or more extended application of the original idea, involving a change only in form, proportions, or degree, and resulting in the doing of the same work in the same way and by substantially the same means—is not patentable, even though better results are secured."

In Smith v. Nichols, 21 Wall. 112, 119 (22 L. Ed. 566), the court said:

"A mere carrying forward of new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent."

See, also, Western Willite Co. v. Trinidad Asphalt Mfg. Co. (C. C. A. 8) 16 F.(2d) 446, 449, 450.

The increasing of the size of the discs and the weight of the machine in the same combination disclosed by Grant, so as to effect deeper cultivation and plowing, was the mere carrying forward or more extended application of an original idea. It involved only a change in form, proportion, and degree, and resulted in the doing of the same work in the same way by substantially the same means, and was not patentable, although a better result was accomplished.

The trial court found, with reference to the Cox plow, as follows:

"The evidence is clear and convincing that the Bradford Cox one-way disc plow was constructed by Bradford Cox in the summer of 1921, and in open and public use near Plainview, Texas, for two plowing seasons. As to the time of its construction and use, there was the testimony of many disinterested witnesses, who fixed the time by reference to checks, bank deposits and other written memoranda, as well as by other customary methods of fixing dates.

"The Cox plow was successfully used in preparing a seed-bed for wheat, and accomplished essentially the same purpose as the Angell plow in essentially the same way. The Cox plow consists of a series of one-way discs, on a square axle, mounted on a three-point support. The discs were set at an oblique angle to the line of draft. Its three wheels were flanged and were so arranged as to accommodate the side-draft, so that the plow was practicable in operation. The thrust of the disc was met by bearings, including an end-thrust bearing. To lift the discs from the ground for the purpose of transporting, or to lower them into the ground for varying depths of plowing, the Cox plow has three adjustments, one near each wheel. Two of them are operated by hand levers, and the third requires the use of a wrench or other tools."

Counsel for appellants contend, with reference to the Cox plow: (1) That the plow did not embody the structure set forth in the Angell patent; (2) that it was merely an abandoned experiment; and (3) that the character of the evidence thereof did not measure up to the test laid down in such cases.

Counsel for appellants urge that the Cox plow did not have an adjustable support at the rear wheel. Both the oral evidence and the physical exhibit show clearly that the Cox plow was adjustable at this point by means of holes passing horizontally through a cylindrical opening in the frame, the horizontal portion of the rear axle which bends or turns at a right angle upward, and passes through the cylindrical opening in the frame, corresponding holes through such portion of the rear axle, and a cotter pin through such holes. Counsel for appellants further urge that the Cox plow did not have an end-thrust bearing in line with the shaft. This is clearly refuted by both the oral testimony and the physical exhibit. It fully disclosed all the elements of claims 1, 2, 4, and 5 of the patent in suit, in substantially the same combination, and produced substantially the same result by the same means.

It was not an abandoned experiment. The evidence showed that it was constructed by Bradford Cox in 1921; that it was used by O. M. Cox in 1921 for a period of about 30 days and that he plowed therewith 300 acres of land preparatory to planting; that he again used it in January and February, 1922, and during the summer of 1922; that in the year 1922 he plowed about 650 acres with this plow, preparatory to planting; that the plow did good work and prepared substantially the same seed bed as prepared by the present one-way disc plows. It was therefore a complete invention, capable of being used and actually used for the same purpose and produced the same results as the plow constructed under the patent in suit.

"To defeat a patent by oral evidence of prior use, proof must be clear, satisfactory and beyond a reasonable doubt." Haggerty v. Rawlings Mfg. Co. (C. C. A. 8) 14 F.(2d) 928, 929; West v. Premier Register Table Co. (C. C. A. 1) 27 F.(2d) 653, 655; Collins v. Hupp Motor Car Corp. (C. C. A. 6) 22 F.(2d) 27, 29.

In commenting upon the evidence, with reference to the Cox plow, the trial court said:

"But, no one, I believe, can read the evidence of these seventeen persons, with their wealth of homely methods of fixing the dates, with checks and bank records supporting their story, with this witness spontaneously identifying one part of the plow he had fixed and another witness another part, and have any vagrant suspicions that they are perjurers. In short, the evidence meets the exacting standards required and is supported by the appearance of the plow itself."

We have examined the evidence, and agree with the trial court that it fully measured up to the standards.

Since the filing of the present appeal, appellants have filed a disclaimer in the Patent Office under section 65, tit. 35, U. S. C. (35 USCA § 65). This disclaimer, in part, reads as follows:

"Your petitioners, therefore, hereby enter this disclaimer limiting said Claims 1 and 2 of said patent as follows:

"By restricting the 'three-point adjustable support' of said Claim 1 to include 'leverage devices mounted on the machine and adapted to apply a lifting force at each adjustable support.'

"By restricting the 'three-point adjustable support' of said Claim 2 to include 'a lever for each point of adjustment, all of the levers being mounted on the machine and constituting machine-carried mechanism.'"

By this disclaimer, appellants have undertaken to limit claims 1 and 2 of the patent to three-point adjustable supports, adjustable by means of a lever adjusting device at each of such points; in other words, to make a lever adjusting device, at each point of adjustment, one of the elements of each of these two claims.

A patentee cannot, by disclaimer, incorporate into a claim for a combination a new element not theretofore claimed and thereby make a new combination. Albany Steam Trap Co. v. Worthington (C. C. A. 2) 79 F. 966.

We doubt that a disclaimer may be employed to add such a lever at the rear point of adjustment. However, in considering this phase of the case, we will assume, without deciding, that such was the effect of the disclaimer filed.

If the claims are construed to include such levers, the only thing that Angell added to the combinations disclosed by Grant and Cox was a lever as a means of effecting an adjustment of the frame at the rear point of adjustment. Such means were disclosed by the prior patents and by Cox at the other two points of adjustment. Certainly the addition of this same means, at this third point, would be obvious to a skilled mechanic and would not amount to invention. Therefore, even if the claims may be so modified by such disclaimer, the patent is still void for want of novelty.

The decree is affirmed, with costs.