## SUPERIOR SEPARATOR CO. et al. v. OTTAWA STEEL PRODUCTS, Inc.

### No. 3800.

United States Court of Appeals
Tenth Circuit.

May 4, 1949.

Rehearing Denied June 10, 1949.

Andrew E. Carlsen, Minneapolis, Minn. (Thomas E. Scofield, Kansas City, Mo., on the brief), for appellants.

Claude A. Fishburn, Kansas City, Mo. (M. F. Cosgrove, Topeka, Kan., and Charles W. Gerard, Kansas City, Mo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is a patent infringement suit brought by Schwan, sole owner of the patent, and Superior Separator Company, his exclusive licensee, against Ottawa Steel Products, Inc.,[1] which manufactures and sells the accused machine.

The patent in suit, No. 2,295,917, was applied for July 19, 1940, and issued September 15, 1942. The claims of the patent in suit are 2 and 12. They were originally

---

[1] Hereinafter called Steel Products.

numbered 12 to 29, respectively. Claim 2 was originally allowed as claim 12. During the course of the prosecution of the patent application, claim 27 was added and allowed and became claim 12. The specification stated that the device relates to improvements in implements for picking up and stacking or loading hay and similar materials. Elements of claim 2 are a tractor-mounted loading implement comprising (1) a frame rigidly supported on the tractor, (2) telescoping booms positioned at each side of the tractor and pivotally connected at their rear ends to the lower portion of the frame for up and down movement at the forward ends, (3) load-carrying means on such forward ends of the booms, (4) a fluid pump connected to the tractor and operated thereby, (5) a fluid supply means, (6) means for conducting fluid under pressure from the pump to the booms for projecting the forward ends thereof in a forward direction, and (7) radius members connected between upper portions of the frames and forward ends of the booms, and operative to guide the booms upward as they are projected forwardly.

Elements of claim 12 are a loading device comprising (1) a wheel-borne frame having an upright rear portion, (2) booms arranged alongside the frame and each comprising front and rear sections slidably connected for relative endwise movements, such rear sections being pivoted at the rear ends to the frame and supporting the booms for up and down swinging movements alongside the frame, the forward sections extending at their forward ends ahead of the frame, (3) means rigidly connecting such forward ends of the booms, (4) one or more radius rods pivotally connected at the rear end to the upright portion of the frame at a point above the rear end pivots of the booms and operatively connected at forward ends to the forward end portion of the booms to guide such booms upwardly in response to endwise extension of the front and rear sections thereof, (5) means for extending said boom sections, and (6) a load-carrying device operatively supported at the forward ends of the booms and radius members.

It will be observed that the primary difference between the two claims is the means rigidly connecting the forward ends of the booms.

Schwan began experimenting on the device of the patent in suit in the fall of 1938. He completed the construction of his first device in April, 1939. On May 15, 1939, he sold it to Wendel C. Graus, on condition that it prove satisfactory. It was delivered to Graus on June 13, 1939, and he commenced using it as a hay stacker on June 23, 1939. He used it during the balance of that season and until 1940. It worked successfully. Graus paid for it by check in November, 1939.

The trial court found that the patent was void for want of invention. It further found that at least as early as June, 1939, the device of the Butler patent was assembled, adjusted, used, and reduced to practice. But the evidence established that the device of the patent in suit was completed in May, sold to Graus on May 15, and used on June 13, 1939. It follows that Steel Products did not carry the burden of proving its defense of prior invention or discovery.[2]

The trial court did not pass on infringement.

The patent, if broadly construed as a device for picking up material by the load carrier, and elevating and depositing such material at a desired place, is in a very crowded art. The accused device is not designed for picking up and stacking hay and similar materials. It embraces a wheel-borne frame consisting of two side rails bolted to the forward portion of the tractor frame and extending rearwardly to substantially the center of the tractor frame; brackets secured to the rear end of the side rails on each side of the tractor; upright members extending upwardly from these brackets and rigidly secured thereto; a crossbar extending from the top of one upright member to the top of the

---

[2] See Mygatt v. Schaffer, 2 Cir., 218 F. 827, 838; Seymour v. Osborne, 11 Wall. 516, 538, 78 U.S. 516, 538, 20 L. Ed. 33; Cantrell v. Wallick, 117 U.S. 689, 695, 6 S.Ct. 970, 29 L.Ed. 1017.

other and rigidly connected to such upright members; and rigidly connected braces extending from the top of the crossbar to the front end of the side rails. It also embraces booms arranged alongside the frame, each comprising front and rear sections slidably connected for relative endwise movement, such rear sections being pivoted at their rear ends to the frame for up and down movements thereof alongside the frame and such forward sections extending beyond the ends of the frame; radius members pivotally connected at their rear ends to the upright portion of the frame at a point above the rear end pivots of the booms and operatively connected at forward ends to the load-carrying device, rather than to the forward ends of the booms as in claims 2 and 12, but which function to guide the forward ends of the booms upward in response to endwise extension of the front sections of the booms; a crossbar rigidly connecting the forward ends of the radius members, rather than the booms as in claim 12, to which crossbar the front ends of the booms are pivotally connected; means for extending such boom sections; and a load-carrying device operatively supported at the forward end of the radius members, rather than the forward end of the booms.

All of the elements of the claims in suit are found in prior patents, but all of them are not found in one patent and, therefore, no single patent anticipates. However, if found in different patents in the same art, they may be properly considered on the question of whether the claims in suit amount to invention or involve only mechanical skill. Linville v. Milberger, 10 Cir., 34 F.2d 386, 388.

If the claims of the patent in suit are valid, it must be because of the result they effect. The upright portion of the frame is mounted at the rear of the tractor; the rear end of the radius members is pivotally connected a susbtantial distance above the rear pivotal connection of the booms; the booms and radius members extend from the rear end of the tractor beyond the front end thereof and are long members. As the front slidable members of the booms are extended forward, they are not only guided upwardly but forwardly by the radius members. This results in the load moving very high and substantially forward, a distinct advantage in depositing the load in a large and high stack or pile.

No such result is obtainable by the accused device because the frame is mounted near the center of the tractor frame and the hydraulic booms and the radius members are short as compared to those of the haystacking device of the patent in suit. While the accused device employs substantially the same elements, with like functions, as the device of the patent, the accused device does not effect a high elevation and substantial forward movement of the load.

If the claims in suit are broadly construed to cover a loading device such as the accused device, then we doubt that such claims are valid. Hydraulic booms, comprising slidable members with the rear members pivotally connected on a frame mounted on a tractor and radius members pivotally connected at the rear of the frame above the pivotal connection of the booms and pivotally connected at the front ends of the booms for moving the front end of the booms upward as their slidable members move forward are disclosed in the Stephens Patent, No. 2,001,803, issued May 21, 1935. It is true, that in Stephens the rear end of the radius member is mounted only a short distance above the rear end of the boom and the boom is comparatively short and the forward and upward action thereof is limited, and that the Stephens device is a bulldozer. But it discloses the combination of elements and the mechanical principles employed by Schwan to obtain the upward and forward movement of his load-carrying device.

It is, therefore, our opinion that if the claims of the patent in suit are broadly construed so as to embrace the accused device, they are not valid over Stephens. On the other hand, if they are narrowly construed and limited to a frame mounted at the rear of the tractor, with the rear ends of the radius members mounted a substantial distance above the rear end of the booms, and long boom members and radius members extending from the rear of the frame beyond the front end of the tractor, so as to obtain not only a high

lift but a substantial forward movement of the load-carrying member, the accused device does not infringe.

Our conclusion is that the claims in suit should be so narrowly construed. We do not pass on their validity, but hold they are not infringed.

Affirmed.