**Rachel HOYT, Administratrix of the Estate of Cornelius F. Hoyt, deceased, Nathan Olinekow, and Herman Leschner, Plaintiffs,**

**v.**

**THERMALCUP, Incorporated, Defendant.**

**Civ. A. No. 31310.**

United States District Court
N. D. Ohio, E. D.

Jan. 2, 1958.

F. P. Keiper, Syracuse, N. Y., Curt B. Muller, Cleveland, Ohio, for plaintiffs.

Keith Lawrence, William Isler, Cleveland, Ohio, for defendant.

McNAMEE, District Judge.

This action is for the alleged infringement of U. S. Letters Patent No. 2,148,986, issued February 28, 1939, herein referred to as the Hoyt patent. The claim of the plaintiffs is that defendant is and has been infringing and/or contributing to the infringement of claim 3 of the patent. The patent expired in February, 1956. The defenses are: invalidity of the patent and non-infringement. The patent relates to an electrically heated, thermostatically controlled, paint cup, used in combination with a

standard spray gun for spraying lacquer. It is used principally by garage men for spraying enamel in a manner that produces a smooth unblemished finish. The application for the patent was twice rejected by the Examiner, but was allowed by the Board of Appeals. Claim 3, which is typical and inclusive of all other claims, reads:

"3. The combination of a spray gun, a handle therefor, a bowl supported from the handle adapted to hold the liquid to be sprayed below the handle, a housing connected to the bottom of said bowl, a heating element in said housing for heating the contents of the bowl, a suction tube extending from the spray gun down into the bowl, the intake end of said suction tube being placed near the heating element, a thermostat on the side of the bowl for regulating the heating of the heating element in the housing."

The invention was not put into commercial use by plaintiffs.

### Validity

By virtue of its allowance by the Board of Appeals, the patent is presumed to be valid, and a heavy burden rests upon the defendant to overcome this presumption.

Defendant failed to give the requisite thirty-day notice of its intention to rely upon designated patents as anticipation of the patent in suit. However, at the trial defendant offered several older patents to show the state of the prior art. Plaintiffs first objected to the introduction of such prior art, but later waived objection thereto, and the prior art patents were received in evidence. In addition to the prior art cited by the Patent Office defendant offered four other patents antecedent to the patent in suit. The elements of the patented combination are: (1) a spray gun; (2) a handle therefor; (3) a bowl supported from the handle adapted to hold liquid to be sprayed below the handle; (4) a housing connected to the bottom of said bowl; (5) a heating element in said housing for heating the contents of the bowl; (6) a suction tube extending from the spray gun down into the bowl, the intake end of said suction tube being placed near the heating element; (7) a thermostat on the side of the bowl for regulating the heating of the heating element in the housing.

The rule to be applied in determining whether this combination patent is valid is mandatorily laid down in Great A. & P. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 152, 71 S. Ct. 127, 130, 95 L.Ed. 162, wherein the court said:

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements."

Reference to the prior art cited by the Patent Office discloses that elements 1, 2, 3 and 6, as above stated, were anticipated by Shelburne (1926), Preble (1927), and Thompson (1930). These patents show clearly that there was nothing new in attaching a standard spray gun with a suction tube, to a heated paint container. The British patent (1921) shows a spray gun used to spray paint heated in a receptacle by means of a heating element surrounding the receptacle. In Shelburne a heating coil is used to pre-heat the air forced into the container of paint. The heating of the paint in the container in Preble is by means of an electrical resistance unit which heats the air.

The foregoing prior art shows that the principle of heating and spraying paint was anticipated long before the alleged invention of Hoyt. Reichold (1928) discloses a manual thermostat on the side of a bowl and a housing connected to the bottom of the bowl. The use of an automatic thermostat to control temperature was known long before the Hoyt application and, as noted by the Board of Appeals, the use of such a device did not constitute invention.

In its opinion reversing the Examiner the Board of Appeals said:

"Claims 5, 8, 9 and 10 are specific to the arrangement disclosed by appellant for housing his heaters underneath the paint bowl. While appellant's structure may be the functional equivalent of that employed by Shelburne, there are certain advantages in the arrangement disclosed which seem to us to be worthy of patent protection. None of the references shows a housing beneath the paint bowl in which the heating devices for both the paint and the air are placed."

These statements of the Board of Appeals indicate that the patent was granted principally, if not solely, because the heating element was placed in a housing connected to the bottom of the bowl. It would seem that this slight improvement could readily have been made by a skilled mechanic familiar with the prior art.

The four exhibits of prior art not cited against plaintiffs' application are Rohne 1,545,852, Woodson 1,662,556, Tavender 1,806,004, and Rohne 1,702,089.

Plaintiffs argue that it is as reasonable to conclude that the prior art not cited was considered and cast aside as not pertinent as it is to assume that it was inadvertently overlooked. Artmoore Co. v. Dayless Mfg. Co., Inc., 7 Cir., 208 F. 2d 1.

■ Ordinarily the rule for which plaintiffs contend would be entitled to great weight, but in the light of the evidence in this case it cannot be considered as applicable. In 1949 the defendant filed an application for a patent on the accused device, which is an electrically heated, thermostatically controlled bowl or cup to be used in conjunction with a standard spray gun. Plaintiffs contend that except for the Hoyt patent defendant probably would have received a patent for his structure. This contention is refuted by evidence which discloses that at the time of filing his application defendant had no knowledge of the Hoyt patent and that this patent was not cited in the Patent Office against the defendant's application. However, the four exhibits of prior art last referred to were cited by the Patent Office in rejecting defendant's application. The use of a heating element in a housing is shown in both Rohne patents and in Tavender and in Woodson, and the use of a thermostat for controlling the temperature was likewise shown in all four of these patents. Thus it appears that defendant's cup was anticipated by prior art not cited in the record of Hoyt's application. Plaintiffs' claim here is that defendant's bowl or cup is the equivalent of the bowl in the Hoyt combination. While there are differences in the position of the thermostats of the two structures, and the housing in defendant's cup is not directly connected with the bottom of the bowl, the devices perform the same functions in the same way and achieve the same result when defendant's cup is attached to a standard spray gun. The only element of patentability in the Hoyt combination is in the component cup. Assuming defendant's cup to be the equivalent of Hoyt's, it appears that the prior art which defeated defendant's claim must be considered as anticipating Hoyt's claim as well. As was said in Lyman Gun Sight Corp. v. Redfield Gun Sight Corp., 10 Cir., 87 F.2d 26, 28:

"When a patent includes a combination of elements, it is not necessary to establish anticipation that all of the elements be found in a single earlier patent or in a single device previously in general use. It is enough if the evidence, taken as a whole, discloses that all of the claimed elements are found in different prior patents in the art or in different devices previously in general use, and no new functional relationship arises from their combination. Busell Trimmer Co. v. Stevens, 137 U.S. 423, 11 S.Ct. 150,

34 L.Ed. 719; Linville v. Milberger, 10 Cir., 34 F.2d 386; Reflectolyte Co. v. Luminous Unit Co., 8 Cir., 20 F.2d 607."

In view of the grounds of rejection of the defendant's application, it is seriously to be doubted that the Patent Office considered the last four patents mentioned above in connection with the application of Hoyt.

Aside from the foregoing considerations it appears that Hoyt's improvement, if it be regarded as such, was the result of mechanical skill and was not invention. Applicable here is the statement of Mr. Justice Bradley in Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 231, 27 L.Ed. 438, where he said:

> "It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention."

Plaintiffs' attempt to minimize the weight and controlling effect of the quoted statement because it appears in the concurring opinion in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 155, 71 S.Ct. 127, is futile. These words of Mr. Justice Bradley have long been regarded as a classic statement of patent law and have behind them the force and prestige of the numerous judicial opinions in which they are quoted, paraphrased and relied upon. See Walker on Patents, Deller's Ed., Vol. 1, pp. 138, 139, 140.

For the reasons assigned I hold the patent in suit to be invalid. In view of this determination it is unnecessary to consider the other issues in the case.

An order may be prepared accordingly.