## B. F. GOODRICH RUBBER CO. v. GATES RUBBER CO.*

No. 521.

Circuit Court of Appeals, Tenth Circuit.
Dec. 16, 1931.

Merrell E. Clark, of New York City (Fish, Richardson & Neave, of New York

*Rehearing denied March 5, 1932.

City, Dines, Dines & Holme, of Denver, Colo., and W. D. Eakin, of Akron, Ohio, on the brief), for appellant.

A. J. O'Brien, of Denver, Colo. (Wilbur F. Denious, of Denver, Colo., on the brief), for appellee.

Before COTTERAL and PHILLIPS, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

This is a patent infringement suit brought by the Gates Rubber Company against the B. F. Goodrich Rubber Company. The patent in suit is for improvements in an endless belt. It was applied for by Charles C. Gates on March 18, 1919, and issued on December 20, 1921. It was thereafter assigned to plaintiff.

The trial court held that claims 1, 2, 3, 4, 5, 6, and 8 of the patent are valid, and that claims 1, 2, 3, 6, and 8 had been infringed. Defendant has appealed.

The claims held valid and infringed read as follows:

"1. An endless vulcanized V-shaped belt having rubberized cord embedded therein and lying substantially parallel with the length of the belt, the inclined sides and the inner narrow surface of the belt being composed of rubberized woven fabric whose warp and woof form oblique angles to the length of the belt.

"2. An endless vulcanized V-shaped belt having rubberized cord embedded therein and lying substantially parallel with the length of the belt, the inclined sides and the inner narrow surface of the belt being composed of rubberized woven fabric whose warp and woof form oblique angles to the length of the belt, the belt also having a number of layers of woven fabric located between the cord and the inner narrow face of the belt.

"3. An endless vulcanized V-shaped belt having rubberized cord embedded therein and lying substantially parallel with the length of the belt, the inclined sides and the inner narrow surface of the belt being composed of rubberized woven fabric whose warp and woof form oblique angles to the length of the belt, the belt also having a number of layers of woven fabric whose warp and woof are diagonal to the length of the belt, located between the cord and the inner narrow face of the belt.

"6. A vulcanized V-shaped belt whose opposite inclined side walls are composed of rubberized woven fabric, whose warp and woof form oblique angles to the length of the belt.

"8. An endless vulcanized V-shaped belt having substantially non-elastic cords at its neutral axis and whose opposite inclined side walls are composed of rubberized woven fabric whose warp and woof are diagonal to the length of the belt."

Endless V-shaped belts were old in the art when Gates entered the field. Dennison's patent No. 556,663 issued March 17, 1896, and Lycett's (British) patent No. 6846 issued August 28, 1913.

In use V-shaped belts differ from flat belts in that the former run on grooved rather than smooth pulleys, and the driving contact is between the sides of the belt and the pulley flanges rather than between the inner surface of the belt and the pulley face. To be efficient, a belt must have adequate tensile strength; must be substantially non-stretchable; and must have a durable driving surface. To give it tensile strength and render it non-stretchable, the center core or backbone of the belt is usually constructed of non-elastic rubberized cords. This core or backbone is sometimes called the neutral layer. A belt must bend about and conform to the shape of the pulley which it drives by friction. This does not materially affect the core or neutral layer which retains substantially its original length, but it causes the parts of the belt between the core and outer surface to stretch and the parts between the core and the inner surface to contract. In a V-shaped belt the portion between the core and the inner surface contracts length-wise and expands crosswise. Therefore, the portions of the belt outside of the core or neutral portion must be constructed of elastic or flexible material.

In his specification, Gates said:

"My invention relates to improvements in endless belts in which rubberized cords, or other suitable material, constitutes the structural element, or the element which gives strength or backbone to the belt, while the wearing feature of the belt consists of rubberized fabric and rubber or rubber compound.

"It should be understood that the object of so applying the rubberized fabric to the grooves of the drum that the warp and woof of the fabric shall form oblique angles to the direction of the length of the belt is to give the latter a limited degree of elasticity beyond that portion of the belt which

may be termed its 'neutral axis,' to permit the flexing of the belt freely when bending over a pulley and which flexing will not in any way injure the material of the belt.

"Instead of cords, I may employ rubberized woven fabric in which one set of threads extends in the direction of the length of the belt, since this element of the belt will then become substantially non-elastic and will perform virtually the same function as the convolution or convolutions of cord. This element of the belt, whether composed of cord or fabric, will form the neutral axis of the belt, or the portion which does not stretch when the belt is in use. It will be understood that when the belt is passing around a small pulley, its outer portion beyond the neutral axis is stretched to some extent, but owing to the fact that the warp and woof of the woven fabric in this portion of the belt form oblique angles to the length of the belt, this portion of the belt is more flexible and more elastic and will not be subject to any injurious stress or tension during the use of the belt, and the latter, due to this fact, will wear longer because any material which is not stressed will better resist abrasion and general wear during the performance of its function.

"While the outer portion of the belt, due to the employment of woven rubberized fabric whose warp and woof form oblique angles to its length, is permitted while passing around a small pulley to yield readily without placing the belt under injurious stress or strain, the inner portion of the belt beyond the 'neutral axis' is correspondingly compressed, this compression being considerable by reason of the fact that the inner part of the belt is also composed of rubberized fabric whose warp and woof are diagonal to its length, thus providing for a considerable degree of elasticity. This compression of the inner portion of the belt produces a widening or enlargement of the outer face of the belt and causes its inclined sides to grip the adjacent walls of the grooved pulley more tightly, thus preventing the possibility of slipping."

Compression of the inner portion of the Gates belt and expansion of its inclined sides, thereby causing it to contact more tightly with the flanges of the grooved pulley, were not new. They are characteristics inherent in all V-shaped belts.

■■■ Counsel for defendant contend that the claims held valid by the trial court were fully anticipated by the Gammeter patent No. 1,277,711, applied for November 5, 1913, and issued September 3, 1918.

Gammeter stated the object of his invention as follows:

"The object of this invention is to produce a practically non-stretchable, flat, endless belt of maximum tensile strength and flexibility."

In his specification, he said:

"The body of my improved belt consists of a series of strands 10 of rubberized fibrous cord or cords laid closely together, side by side, preferably in a single row only, and a cover 11 which I prefer to make of rubberized fibrous fabric cut on the bias, so that the warp and weft threads cross the belt diagonally, the whole being vulcanized together.

"A single row of cords gives the belt greater flexibility than plural rows or bundled parallel strands, and a cover of bias fabric is more flexible than one of straight fabric."

The description of the method of constructing the belt is substantially the same in both the Gammeter and Gates patents, except that the former patent produces a flat belt while the latter produces a V-shaped belt due to the different shapes of the peripheral grooves in the drums in which the belts are formed before they are vulcanized. The principle of a core or non-elastic rubberized cord or fabric to give tensile strength and prevent the belt from stretching, and a cover of rubberized fabric, cut on the bias so that the warp and woof threads cross the belt diagonally and at oblique angles to the length of the belt to give it flexibility, free it from stress and strain on the driving surface, and thereby give it durability, are fully disclosed by the Gammeter patent. Gates merely applied the Gammeter principles to a V-shaped belt. The non-elastic rubberized core and rubberized fabric, cut on the bias and wrapped so that the warp and woof form an oblique angle to the length, perform the same function in substantially the same way in both belts. The difference is in form, proportions, or degree and not in principle. It is well settled that the mere carrying forward or more extended application of the original idea, involving a change only in form, proportions, or degree, where the same work is performed in the same way by substantially the same means although with better results, is not invention. Linville v. Milberger (C. C. A.

10) 34 F.(2d) 386; Geo. F. Hinrichs, Inc., v. Henderson (C. C. A. 8) 32 F.(2d) 655; Sloan Filter Co. v. Portland Gold Min. Co. (C. C. A. 8) 139 F. 23, 26; Smith v. Nichols, 21 Wall. 112, 119, 22 L. Ed. 566.

In Sloan Co. v. Mining Co., supra, the court said:

"The mere carrying forward or more extended application of the original idea, involving a change only in form, proportions, or degree, and resulting in the doing of the same work in the same way and by substantially the same means—is not patentable, even though better results are secured."

The trial court in its opinion suggested certain differences between the Gammeter belt and the Gates belt:

(1) That the Gammeter belt was non-stretchable. This also is true of the Gates belt. In his specification Gates said:

"Instead of cords, I may employ rubberized woven fabric in which one set of threads extends in the direction of the length of the belt, since this element of the belt will then become substantially non-elastic. * * * This element of the belt, whether composed of cord or fabric, will form the neutral axis of the belt, or the portion which does not stretch when the belt is in use."

Gammeter said that he applied the non-elastic cords under tension. Gates testified that the cords in his belt were put in under tension.

(2) That there was a difference in the number of cords used in the two belts. It is true that a single row of cords gives a belt greater flexibility than plural rows or bundled parallel strands, but the Gammeter patent specified either a single row or plural rows of cords, and he taught that a single row of cords gives a belt greater flexibility than plural rows.

(3) That Gammeter's belt has no side walls. That is true, but by using a V-shaped instead of a flat shaped groove in the drum a V-shaped belt substantially the same as the Gates belt could be produced by the Gammeter method. The groove and drum method for shaping belts was old in the art when Gates applied for his patent.

We are unable to escape the conclusion that Gates only applied to a V-shaped belt the principles disclosed by Gammeter, and that his accomplishment did not amount to invention.

Reversed and remanded for further proceedings in accordance with this opinion.