**SINCLAIR REFINING CO. v. COE, Commissioner of Patents.**

**No. 8310.**

United States Court of Appeals
District of Columbia.

Decided Oct. 25, 1943.

Mr. Louis D. Forward, of New York City, of the Bar of the State of New York, pro hac vice, by special leave of court, with whom Messrs. Clarence M. Fisher, of Washington, D. C., and Raymond F. Adams, of New York City, were on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

The Smith process for which invention is claimed in this case is for the cracking of oil, i. e., for converting higher boiling oils such as gas oil and kerosene into lower boiling oils such as gasoline. The two claims selected by appellant as typical are set out in the margin.[1] It contends that the process here in dispute involves novelty in the extremely rapid rate at which the oil is heated, under a pressure exceeding its critical pressure, up to the point at which it reaches its critical temperature This rapid heating rate is defined in the claims as a rate high enough to prevent substantial decomposition of the oil in the period preceding attainment of the critical temperature. Appellant concedes that the difference between its process and those described in the earlier art is one of slight degree when considered solely from the standpoint of procedure. It contends, however, that the result flowing from its discovery is different in kind from anything previously known or believed possible; that it is as desirable as it was unexpected; that for the first time the cracking reaction is so controlled as no longer to produce tar-like material as a by-product, with accompanying beneficial results in the industry.

The rapid heating rate contemplated by appellant's process is approximately a minute or two minutes as contrasted with two and seven-tenths minutes in the Winkler-Koch process and longer in other processes known to the art. The advantage of the Smith process, here involved, is the complete elimination of a liquid residue by complete vaporization of the oil, in contrast to a five or ten per cent residue in the Winkler-Koch process and greater amounts in earlier processes. These residues formerly caused carbon and coke deposits, with resulting expense and destruction of equipment. Later developments of the art eliminated such deposits but left a residue of tar which required further processing or disposal of nonprofitable by-products.

---

[1] "1. The process for conversion of higher boiling petroleum oils to lower boiling oils which comprises heating the higher boiling oil to vaporize it and thereafter to crack it, maintaining a pressure exceeding the critical pressure on the oil through the point of vaporization and heating the oil prior to vaporization at a rate high enough to prevent substantial decomposition prior to vaporization.

"2. The process for conversion of higher boiling petroleum oils to lower boiling oils which comprises heating the higher boiling oil to its critical temperature and thereafter to crack it, maintaining a pressure exceeding the critical pressure on the oil through the point at which it attains its critical temperature and heating the oil prior to this point at a rate high enough to prevent substantial decomposition prior to this point."

The more rapid heating rate which appellant describes as a vital element in its process is achieved by using heating coils of smaller diameter than generally used, and by other mechanisms, none of which are novel except as they contribute to the process which constitutes the claimed invention.

■ Just what constitutes a new idea engrafted upon an old invention, sufficiently distinct from the conception which preceded it to constitute not only improvement but invention,[2] just where the line should be drawn between *genuine* discoveries and *slight improvements*,[3] are frequently difficult questions, which must be answered upon the facts of each case.[4] When a new process differs from the prior art to the extent of constituting the final step which converts experiment into solution, or turns failure into success, then the discovery of that process may or may not constitute invention.[5] "But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent."[6]

■ The latter principle, we think, is more nearly applicable to the present case than the former. The history of oil-cracking reveals steady progress in the improvement of methods and processes, with the gradual cutting down of liquid residues and elimination of carbons and cokes. Rapid heating had been described as an important factor in several of the references introduced by the Commissioner to describe the knowledge of the prior art. Obviously the art was well acquainted with this factor, whether or not the maximum use had ever been made of it, prior to Smith's adaptation. What we have here is not invention but, instead, an example of the natural step by step development of the art.[7]

Affirmed.

---

[2] Smith v. Nichols, 88 U.S. 112, 118, 119, 21 Wall. 112, 118, 119, 22 L.Ed. 566.

[3] Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 67 L.Ed. 523.

[4] Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 446, 44 S.Ct. 533, 68 L.Ed. 1098; Kirsch Mfg. Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793, 794; Stubnitz-Greene Spring Corp. v. Fort Pitt Bedding Co., 6 Cir., 110 F.2d 192, 196; Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628, 630.

[5] Minerals Separation, Ltd. v. Hyde, 242 U.S. 261, 271, 37 S.Ct. 82, 61 L.Ed. 192, 196; Reinharts, Inc. v. Caterpillar 286; The Barbed Wire Patent, 143 U.S. 275, 282, 283, 12 S.Ct. 443, 36 L.Ed. 154.

[6] Smith v. Nichols, 88 U.S. 112, 119, 21 Wall. 112, 119, 22 L.Ed. 566.

[7] Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U.S. 285, 293, 37 S.Ct. 502, 61 L.Ed. 1136; Radtke Patents Corp. v. Coe, 74 App.D.C. 251, 268, 122 F.2d 937, 954, and authorities there collected; L. Sonneborn Sons, Inc. v. Coe, 70 App.D.C. 97, 100, 104 F.2d 230, 233, and authorities there collected.