ETHYL GASOLINE CORPORATION v.
COE, Commissioner of Patents.

No. 8760.

United States Court of Appeals
District of Columbia.

Decided Dec. 26, 1944.

See also 139 F.2d 372.

Mr. Drury W. Cooper, of New York City, with whom Mr. A. K. Shipe, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

In a Section R.S. § 4915 [1] proceeding in the District Court appellant's complaint was dismissed as to all claims; the Court finding that none of the claims recites anything amounting to an invention over the disclosures made in patents relied upon by appellee as references to show the prior art involving the use of anti-knock agents in the operation of internal combustion engines, and products comprising motor fuels and anti-knock material for use in such engines.

Claims 7 and 9, which, upon oral argument, were selected by appellant as typical, are set out in the margin.[2] It is conceded that the prior art knew, generally, the usefulness of lead alkyls for anti-knock purposes in motor fuels. In practice, however, their use was confined, largely, to tetraethyl. The ultimate question of the case is whether the knowledge of the prior art was sufficient to suggest to a skilled chemist, familiar with gasoline fuels and the operation of internal combustion engines, the particular combinations disclosed in appellant's claims, or whether those disclosures went so far beyond the prior art as to constitute invention. The District Court found that: "13. The selection of the particular lead alkyls and the proportions thereof to be used in the fuel as recited in Bartholomew's claims depend upon climatic conditions, the particular type of engine being used, and other factors. The selection is made as a result of experimentation. 14. There is nothing critical in the proportions of the ingredients, more or less indefinitely recited in Bartholomew's claims at bar. 15. None of Bartholomew's claims at bar recites anything amounting to an invention over the disclosures made in the patents to Midgley, Sullivan, Voorhees and Shapirio."

We are satisfied from an examination of the record that the findings of the District Court are amply supported by the evidence. What we have here is no more than a showing of great industry in experimental research, insufficient in itself to constitute invention; the product and the process described by the claims differ from the prior art only in degree; the result, useful as it may be, constitutes, merely, one step forward in a gradual process of experimentation.[3]

We conclude, therefore, that appellant is not entitled to a patent.

Affirmed.

---

[1] 35 U.S.C.A. § 63.

[2] "7. A product comprising a motor fuel and an antiknock material having as its primary antiknock component a mixture of lead tri-methyl-ethyl, lead di-methyl diethyl, and lead tri-ethyl-methyl, in which mixture the concentration of lead dimethyl diethyl predominates."

"9. A product comprising a motor fuel and an antiknock material having as its primary antiknock component a mixture of lead tri-methyl-ethyl, lead di-methyl diethyl, and lead tri-ethyl-methyl, and lead tetramethyl in a concentration not exceeding fifteen percent."

[3] Minnesota Mining & Mfg. Co. v. Coe, 69 App.D.C. 217, 99 F.2d 986, and authorities there cited; L. Sonneborn Sons, Inc. v. Coe, 70 App.D.C. 97, 100, 104 F.2d 230, 233; Radtke Patents Corporation v. Coe, 74 App.D.C. 251, 268, 122 F.2d 937, 954; Sinclair Refining Co. v. Coe, 78 U.S.App. D.C. 176, 138 F.2d 673; Potts v. Coe, 78 U.S.App.D.C. 297, 300, 140 F.2d 470, 473.