**UNITED STATES AIR CONDITIONING CORPORATION, a corporation, Appellant,**

**v.**

**GOVERNAIR CORPORATION, a corporation, Appellee.**

**No. 4858.**

United States Court of Appeals, Tenth Circuit.

Oct. 25, 1954.

Sidney Neuman, Chicago, Ill. (Arthur Wm. Nelson and Thiess, Olson, Mecklenburger, von Holst & Coltman, Chicago, Ill., of counsel, on the brief), for appellant.

Robert F. Davis, Washington, D. C., Roy C. Lytle, Oklahoma City, Okl. (Keaton, Wells, Johnston & Lytle, Oklahoma City, Okl., Stevens, Davis, Miller & Mosher, Washington, D. C., of counsel, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

Governair Corporation,[1] brought this action against the United States Air Conditioning Corporation,[2] for alleged infringement of Patent No. 2,297,928, issued October 6, 1942, to John D. Wilson and assigned by him to Governair, and to recover damages for alleged unfair competition. From a judgment holding the patent valid and infringed and adjudging United guilty of unfair competition, United has appealed.

The patent relates to a composite air conditioning unit for air conditioning space in buildings.

At the time the patent was applied for, air conditioning and mechanical refrigeration were old in the art and self-contained units were well known and in common use.

Air conditioning and refrigeration is accomplished by a utilization of the physical laws or principles of evaporation and condensation. When a liquid is changed physically into vapor, that is, evaporation, heat is taken up, or absorbed, by the liquid. When vapor is changed physically into liquid, that is, condensation, heat is given up, or released, by the vapor. The elements by which this is accomplished must be so located and arranged as to take advantage of and make useful in a closed circuit of repetitive, successive evaporations and condensations of a volatile medium, such as Freon gas, whereby heat may be absorbed at one point and released at another. In an air conditioning unit, the evaporation or cooling coil is employed to extract heat from air intended to be distributed to a room or other enclosure. The volatile medium then moves to a condensing element where the heat is removed from the medium through condensation, effected through air cooling, water cooling, or by a combination of air and water cooling.

Claims 1 and 2 of the patent are in suit. Claim 1 is set out in subjoined Note 3.[3] Claim 2 differs from Claim 1

1. Hereinafter called Governair.

2. Hereinafter called United.

3. "1. An air conditioning system of the unit type comprising the combination of, a frame, means separating said frame into a compressor section in a lower portion of the frame and at one end thereof, an air conditioning section above said compressor section, and an evaporative condenser section extending vertically adjacent said compressor and said air conditioning sections, refrigerating means in said frame and comprising a motor and a compressor operatively interconnected and mounted within the compressor section, a condensing coil within the evaporative condenser section, a conduit connected to the outlet of the compressor and said coil to conduct the compressed refrigerant to the coil, a tank for coolant liquid below said coil, a pump operatively connected to said motor, a pipe line from said tank to said pump, means including a plurality of spray nozzles for conducting liquid from the exhaust port of the pump and spraying the coolant liquid upon said condensing coil, an exhaust fan within the frame above the coil for circulating air over the coil counter current to the movement of the coolant liquid, an expansion coil in said

only in that Claim 2 includes a refrigerant chamber.

When the respective individual functions of the elements assembled are not changed and where they produce no result other than the added results of such functions, there is a mere aggregation of elements. When the elements are so united that by their reciprocal influence upon each other, or by their joint action on a common objective, they perform additional functions and accomplish additional results, the union is a true combination. The result must be due to the joint and cooperative action of all the elements, not a mere aggregation of the several results of the separate elements acting independently; it must be the product of the combination and not a mere aggregate of several results, each a complete product of one of the combined elements.[4]

" * * * The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention." [5]

"The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable." [6]

All of the elements in the combination of the patent in suit are old and were well known in the art. Each element performs the same function and accomplishes the same result that it did in other well known combinations.

Wilson's claim of invention must rest, we think, on two things: 1. A water pump and a compressor driven by a single motor, and 2. The compactness of the arrangements of the several elements in a single unit.

It is true that the granting of a patent creates a presumption of validity,[7] but that presumption is rebuttable.

It is well settled that the mere carrying forward or extended application of an earlier idea or conception of another, involving a change only in form, proportion, or degree, where the same work is performed in the same way by substantially the same means, although with better results, is not invention.[8]

We are of the opinion that Wilson merely carried forward and made a more extended application of earlier teachings disclosed in the prior art, which involved only a change in form, proportion or degree, and that in his device the same work is performed in the same way by substantially the same means, although, perhaps, with improved results. We are further of the opinion that what Wilson conceived would have been obvious to a person having ordinary skill in the art to which the subject matter of his patent pertains.

Accordingly, we conclude that the claims in suit are invalid for want of invention.

air conditioning section of the frame, an outlet conduit from said condensing coil to the expansion coil and including a plurality of expansion valves for admitting the compressed refrigerant to the cooling coil, and fan means mounted within said cooling section for circulating air from the exterior of the frame through said cooling coil whereby such circulated air is conditioned."

4. Hutchinson Mfg. Co. v. Mayrath, 10 Cir., 192 F.2d 110, certiorari denied 343 U.S. 914, 72 S.Ct. 647, 96 L.Ed. 1329.

5. Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S. Ct. 662, 664, 82 L.Ed. 1008.

6. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162.

7. Radio Corporation of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 7-8, 55 S.Ct. 928, 79 L.Ed. 163; 35 U.S.C.A. § 282; Cole v. Hughes Tool Co., 10 Cir., 215 F.2d 924, 935.

8. Cole v. Hughes Tool Co., 10 Cir., 215 F. 2d 924, 944; B. F. Goodrich Rubber Co. v. Gates Rubber Co., 10 Cir., 54 F.2d 580, 582; Linville v. Milberger, 10 Cir., 34 F.2d 386, 388, 389; Sage v. Parkersburg Rig & Reel Co., 10 Cir., 80 F.2d 954, 957; Sinclair Refining Co. v. Coe, 78 U.S.App. D.C. 176, 138 F.2d 673, 674.

■ If we assume that the patent in suit is valid, then the units first manufactured by United in 1942 and continuing up to the middle of 1943 infringed the claims in suit, but damages for infringement by those units are barred by the six-year statute of limitations.[9]

The units thereafter manufactured by United eliminated the element of a pump and compressor driven by a single motor and eliminated a plurality of expansion valves for admitting the compressed refrigerant into the cooler part. As originally filed, the application for the patent contains seven claims. After several rejections, the application was amended by the addition of Claims 8, 9 and 10. Eventually, Claim 8 became Claim 1 and Claim 10 became Claim 2 of the patent as issued.

■ Claim 9 included a plurality of expansion valves for admitting the compressed refrigerant into the cooling unit. That claim was rejected. Responsive to the rejection, the applicant filed an amendment to the claim, cancelling the words "a plurality of expansion valves" and substituting therefor the words "an expansion valve." The claim, as thus amended, was rejected. A further amendment was presented and the claim again was rejected. The applicant did not appeal. He acquiesced in the rejection of the claim and accepted a patent with two claims, each of which expressly included a plurality of expansion valves for admitting the compressed refrigerant into the cooling coil. Since Wilson acquiesced in the rejection of the claim

calling for an expansion valve and accepted a patent for claims embracing a plurality of valves, he is limited to a device embodying a plurality of such valves, under the well settled doctrine of file wrapper estoppel.[10]

The unit manufactured and sold by United since 1943 does not use nor employ a plurality of expansion valves. It includes only a single expansion valve. Moreover, the pump and the compressor in such units are driven by separate motors. Accordingly, we are of the opinion that the devices manufactured by United, within the six-year period of the statute of limitations, do not infringe.

■ Wilson, who had formerly been employed by Governair, took employment with United and supervised the building of the first units built by United in 1942 and 1943, which followed the teachings of the Wilson patent. However, Wilson was in no sense a confidential employee of Governair. He was discharged by Governair before he was employed by United. At the time of his discharge, he had been told by Governair that his claimed invention was not patentable and that a patent could not be obtained. Clearly, Wilson, after having been discharged by Governair, was free to take employment with United. We are of the opinion that there was no basis for the finding of unfair competition, and that such finding was clearly erroneous.

The judgment is reversed and the cause remanded, with instructions to enter a judgment in favor of United, dismissing the action.

9. 35 U.S.C.A. § 286, 66 Stat. 813.

10. Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 218–221, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132; Exhibit ■ Supply Co. v. Ace Patents Corp., 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736; Jones v. Bodaness, 10 Cir., 189 F.2d 838, 841, 842.