**James W. MARTIN et al., Appellants,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**Nos. 14153, 14154.**

United States Court of Appeals District of Columbia Circuit.

Argued March 6, 1958.

Decided May 8, 1958.

Petition for Rehearing Denied June 5, 1958.

Mr. Louis D. Fletcher, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Harry W. F. Glemser, Washington, D. C., was on the brief for appellants. Mr. Francis D. Thomas, Jr., Washington, D. C., also entered an appearance for appellants.

Mr. Joseph Schimmel, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee. Mr. S. W. Cochran, Attorney, United States Patent Office, also entered an appearance for appellee.

Before REED, Associate Justice of the Supreme Court, retired,* and FAHY and BURGER, Circuit Judges.

PER CURIAM.

These appeals are from a judgment of the District Court dismissing appellants' complaints after a hearing, findings of fact and conclusions of law. Pursuant to 35 U.S.C. § 145 (1952) appellants sought decrees authorizing the Commissioner of Patents to issue letters patent.[1]

---

* Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28 U.S. Code.

1. The two complaints in the District Court, seeking separate patents, were consolidated for hearing and decision.

The inventions claimed by appellants consist essentially of a process for increasing the recovery of oil from underground oil bearing sands or formations by the use of carbon dioxide gas, alone or in mixture with water or brine, under what are said to be critical conditions, that is, by forcing the gas or mixture into the formations at pressures of 600 pounds or more per square inch. In this manner there can be brought to the surface large quantities of oil that natural forces, and indeed other kinds of artificial forces, have proven inadequate to do.

It is not claimed that the mere supplementing of natural forces by the means and with the result stated is itself invention. Invention is claimed because appellants' process calls for effective pressure, that is, pressure at the subsurface levels of 600 pounds per square inch or more, which brings about the unexpectedly favorable recovery.

Notwithstanding the favorable results achieved by appellants through the use of the indicated quantity of effective pressure, we think it cannot be disputed that except for the added pressure all else involved in the process had been disclosed by the prior art, particularly the Spindler patent No. 1,826,371 issued October 6, 1931, and the Russell patents No. 1,511,067 issued October 7, 1924, and No. 1,658,305 issued February 7, 1928, and that these patents also called for the use of gas pressures. Indeed, the use of carbon dioxide at pressures which might exceed 600 pounds, depending upon the depth of the well, seems clearly contemplated by Russell. When unexpectedly good results were obtained by the use of that pressure or more at the subsurface level, when everything else, including the forcing of carbon dioxide gas into oil bearing formations, had been disclosed, invention was not established. Appellants' process includes altogether too much of what was already known to entitle them to patents because unexpectedly good results came to light by the

addition of greater pressure at the subsurface level than had been exactly specified by prior disclosures. Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Sinclair Refining Co. v. Coe, 78 U.S. App.D.C. 176, 138 F.2d 673. The findings of the District Court against appellants—consistent with the decision of the Patent Office—must be sustained on this record.

Affirmed.

Separate appeals were taken but again consolidation was ordered. There is no difference significant to this appeal in the two patent applications upon which the separate complaints were based.